MAMIE A. MATHEWS v. WILLIAM H. MATHEWS.

157 So. 195.
Opinion Filed October 22, 1934.

*P. C. Gorman* and *Petteway, Brown & Petteway,* for Appellant;

*Wells & Hall* and *Gaines & Futch,* for Appellee.

PER CURIAM.—This appeal is from a decree granting the husband a divorce on the ground of desertion by the wife and awarding fifty dollars a month alimony to the wife. There is evidence legally sufficient to sustain the decree of divorce and it does not appear on cross assignments of error that the decree allowing alimony is not justified by an equitable consideration of the whole record, therefore the decree is affirmed as an entirety.

Affirmed.

Whitfield, Ellis and Buford, J. J., concur.

Davis, C. J.—dissents.

Brown, J., concurs in part and dissents in part.

Terrell, J., not participating.

Davis, C. J. (dissenting).—In this case the Chancellor granted the husband a divorce on account of the willful, obstinate and continued desertion of the wife for the statutory period, but in his decree the Chancellor stated "a faithful wife for forty years is entitled to consideration even though at the end she should desert the husband and the burden of contribution might be a heavy one for the husband, therefore he allowed the wife $50.00 per month alimony, stating as he did so that he was going to override legal technicalities in order to accomplish a good result.

This is a government of laws and not a government of men. It is debatable as a proposition of moral policy whether a wife who deserts her husband at the time in life when the shadows of life's sunshine begin to lengthen backward on the traveled path toward the inevitable western sunset, but be that as it may, there is no legal or equitable precedent that I have been able to find which undertakes to treat matrimony as a sort of annuity affair and attribute to it a cash surrender value, even though the party making the surrender and claiming the cash value of it in the form of alimony, has been a faithful performer of the marital contract for forty years.

Therefore I cannot concur in that part of the decree which awards the deserting wife alimony against her faultless husband.

Brown, J. (dissenting in part.)—I concur in affirming the decree below except insofar as it awards permanent

alimony.    See  Sections  4987-88 . Comp.  Gen.  Laws  and
Phinney v. Phinney, 77 Fla. 850, 82 So. 357; Gill v. Gill,
145 So. 758; 107 Fla. 588.   While much could be said in
favor of the natural justice and equity of the Chancellor's
allowance of alimony in this case, it appears that such
ruling is not authorized by our statutes, and, indeed, is
contrary to the implications and intendments of such stat-
utes as heretofore construed.