136 So.2d 363 (1962)
Louise L. HOBBS, Appellant,
v.
Harvey L. HOBBS, Appellee.
No. 2541.
District Court of Appeal of Florida. Second District.
January 17, 1962.
*364 W.H. Carmine, Jr., and W. Ed Weaver, Jr., Fort Myers, for appellant.
Charles M. Roberts, Fort Myers, and Charles R. Holley, St. Petersburg, for appellee.
PER CURIAM.
Louise L. Hobbs was plaintiff and counter-defendant in divorce proceedings wherein the chancellor granted a divorce to the defendant Harvey L. Hobbs but allowed the plaintiff $200.00 per month permanent alimony. The plaintiff urges on appeal that (1) the award of alimony was insufficient, (2) she should have been granted a portion of the defendant's estate because of her right to special equity therein and (3) the allowance for her attorney's fees was inadequate. Child custody rights are not involved and the divorce itself is not in issue.
On April 12, 1960 the plaintiff filed a complaint for separate maintenance unconnected with divorce. On May 31, 1960 she was allowed temporary alimony and attorney's fees. The defendant counterclaimed for divorce on the ground of adultery, whereupon the plaintiff charged the defendant with adultery and prayed also for a divorce. On March 10, 1961 the defendant, pursuant to final hearing, was granted a divorce from the plaintiff on the ground of extreme cruelty. The plaintiff was granted a monthly allowance of $200.00 and a total of $2500.00 for the services of her attorney.
The decree found that Louise Hobbs had no interest in any property held and owned by Harvey Hobbs and she was denied any part thereof; but her separate property rights were confirmed. With reference to alimony, the decree provided:
"That the defendant, Harvey Hobbs, shall pay to the plaintiff, Louise Hobbs, the sum of $200.00 per month as alimony, said sum shall be paid on or before the first day of each month * * and the first payment shall be due 1st day April, * * * 1961. The said amount is reduced from the [temporary] amount set in an order dated May 31, 1960, entered in this court, as a result of the wife's conduct." (Emphasis ours.)
The parties were married in 1942 when Harvey Hobbs was an employee earning only meagre wages. He thereafter established a profitable nursery business. For several years preceding this litigation his annual income average was approximately $40,000.00. The indicated value of his property holdings at the time of this suit was in excess of $265,000.00.
The evidence was strangely vague and obscure as to the full extent of Louise Hobbs' separate estate. In addition to an undivided one-half interest in the home place purportedly worth $50,000.00, she apparently had an interest of indeterminate value in an establishment known as Harlon *365 Enterprises and was named beneficiary in an inter vivos trust set up by the defendant.
In reviewing the decree within the compass of the points on appeal we are confronted with an unchallenged divorce in which the appellant wife, although adjudged at fault, nevertheless was awarded permanent alimony of $200.00 per month. A wife from whom the husband obtains a divorce because of her misconduct ordinarily is denied alimony eo nomine, but allowances have been granted in exceptional cases. Mathews v. Mathews, 1934, 117 Fla. 60, 157 So. 195; 17 Am.Jur., Divorce and Separation, § 676. Moreover, an offending wife may be decreed an interest in the husband's estate by showing her entitlement to special equity therein. See infra 4th par. et seq.
In Mathews v. Mathews, supra, the Supreme Court of Florida affirmed an award of $50.00 per month to a deserting wife from whom the husband had been granted a divorce. The parties had been married for many years. The court, in a split decision, sustained the allowance as "justified by an equitable consideration of the whole record." See also Gill v. Gill, 1933, 107 Fla. 588, 145 So. 758; 10 Fla.Jur., Divorce, 170.
The defendant here has not challenged the allowance of alimony. On this phase of the appeal, therefore, the only question is the plaintiff's contention that it was error not to have allowed more. In considering this question the criterion is not that we would have ruled differently had we been in the position of the chancellor but whether we conclude, with requisite assurance, that the chancellor's ruling constituted a palpable abuse of discretion. There appears no such abuse. We here note, without need for painful detail, that the plaintiff's conduct was extremely reprehensible. Such conduct may be taken into account in determining alimony and the amount thereof. 17 Am.Jur., Divorce and Separation, § 676.
The plaintiff has protested the chancellor's statement in fixing permanent alimony that "as a result of the wife's conduct" the amount fixed was a reduction from the amount previously fixed by way of temporary alimony. Arguendo the plaintiff's requirements to maintain her standard of living were no greater at one time than the other. The point is not valid. When temporary alimony was allowed the case had not been heard on the merits and determined adversely to the plaintiff.
There remain the questions of whether the plaintiff was entitled to special equity and whether the allowance for her attorney's fees was insufficient. She contends that the denial of her claim of interest was error because she had helped accumulate the defendant's estate. It is on this premise that plaintiff invokes the general rule that equity will not permit a husband to retain the tangible fruits of his wife's contributions on the theory that she forfeited them because of her misconduct. Engebretsen v. Engebretsen, 1942, 151 Fla. 372, 391, 11 So.2d 322; Benson v. Benson, Fla.App. 1958, 102 So.2d 748, 753; Welsh v. Welsh, 1948, 160 Fla. 380, 35 So.2d 6.
In Welsh v. Welsh, supra, the Supreme Court of Florida explained the special equity doctrine and indicated its limits as follows:
"In Heath v. Heath, 103 Fla. 1071, 138 So. 796, 82 A.L.R. 537, this Court applied the doctrine of a special equity in behalf of the wife where it was established that she contributed materially in funds and industry through a period of years to the husband's holdings and business. Such an allowance is not alimony and is only warranted by special facts and circumstances in favor of the wife for the wife's contributions of money and services to the husband's property accumulations, above and beyond the performance of marital duties." (Emphasis ours.)
It is understandable that there have been many cases where the doctrine has been applied and many others where it has been *366 held inapplicable. In the instant case there appear no advances of money or capital by Louise Hobbs to the defendant's business enterprises and no performance by her of labor and services appreciably contributing to the production of income or the property accumulations of the defendant. Under all the circumstances there was no basis for application of the doctrine of special equity. Compare Klaber v. Klaber, Fla.App. 1961, 133 So.2d 98.
The final point on appeal is that it was error to refuse to allow considerably more than $2500.00 for the services of plaintiff's attorney, especially in view of testimony that a larger sum would be justified. The chancellor had the entire record before him and was familiar with the nature and extent of the services of the attorney. The fees allowed are substantial and do not appear inadequate in relation to the services rendered and the results accomplished.
Affirmed.
SHANNON, C.J., and SMITH and WHITE, JJ., concur.