274 So.2d 568 (1973)
Arlene R. PRIMATO, Appellant,
v.
Robert J. PRIMATO, Appellee.
No. 72-795.
District Court of Appeal of Florida, Third District.
March 13, 1973.
Coker & Carlon, Ft. Lauderdale, for appellant.
Simon, Hays & Grundwerg, Miami, for appellee.
Before PEARSON and CHARLES CARROLL, JJ., and CREWS, JOHN J., Jr., Associate Judge.
PER CURIAM.
The appellant Arlene R. Primato was the defendant in an action in which a judgment *569 of dissolution of marriage was entered on May 23, 1972. Therein the custody of a child of the parties, a daughter then aged ten months, was awarded to the wife, with visitation rights granted to the husband, who was ordered to pay the wife $25 per week for child support and to pay rehabilitative alimony for a period of one year in the amount of $15 per week.
The parties were declared to be tenants in common of the residence which they owned and had occupied. The wife's mother Amelia Herth was found to have an equitable lien on the property for $1,500 which she had advanced, which the husband was ordered to repay to her in monthly installments without interest. Designated personal property belonging to the wife was required to be delivered to her, and the husband was ordered to reimburse her for certain expenses of travel to Miami incident to the suit, and also to pay the wife's attorney fees and expenses.
The main thrust of the appeal filed by the wife is her contention of inadequacy of the allowances for child support and alimony. We find no reason shown to disturb the allowance of child support, but find merit in the appellant's contention of inadequacy of the alimony award.
Allowance of alimony and determination of the amount thereof is a matter which rests largely in the discretion of the trial court, upon consideration of the needs of the wife and the financial ability of the husband. A decision thereon is not to be disturbed by an appellate court unless it is shown to represent an abuse of discretion. In the present case we are impelled to conclude that the allowance of alimony in the amount of $15 per week for one year was an abuse of discretion and that in the circumstances disclosed the alimony award was inadequate.
When the parties were married the wife was 19 years of age and the husband was 21. The marriage lasted three years. At the time of the suit for dissolution of marriage the husband was an air conditioning mechanic earning between $11,000 and $12,000 per year. The wife had done factory work in Florida. On separation of the parties she had returned with the child to her parents' home in New York. It was brought out that the wife would be capable of earning a living as a beautician in New York, but that preliminary to becoming licensed therefor it would be necessary for her to have approximately a year of schooling or training at an estimated expense of $700 or $800.
It was shown that during such period of a year the wife was to live in her parents' home in New York, where she would be free of living expenses for herself. The amount of alimony allowed to the wife for such one year period would not exceed her estimated expense in preparing herself for work as a licensed beautician, and would supply nothing for her personal needs and expenses during that period.
On consideration of the contentions of the appellant relating to the alimony, it is the opinion of this court that the amount awarded to the wife as rehabilitative alimony for the said period of one year was inadequate in the circumstances of the case, and that a proper sum be allowed to the wife as alimony for the period of one year is $30 per week. That sum should serve to care for the wife's needs, and would appear to be within the ability of the husband to supply for the limited period of one year.
Accordingly, the judgment is amended to provide for the payment of alimony by the husband to the wife in the amount of $30 per week for the period of a year from the judgment, and to provide that said award of alimony is retroactive to the date of the judgment, May 23, 1972. The retroactive portion of said increase in alimony, being an additional $15 per week payable for the period from the decree to the effective time of this increase of the alimony, should be paid to the wife by the husband at such times and in such installments as the trial court may fix, following remand.
*570 The judgment as modified in the respect set out hereinabove is affirmed, and the cause is remanded to the circuit court for further order respecting the manner of payments of the retroactive increased alimony.
It is so ordered.