330 So.2d 116 (1976)
Gerald Joseph HERZOG, Appellant,
v.
Flora HERZOG, Appellee.
No. 75-13.
District Court of Appeal of Florida, Third District.
February 3, 1976.
Rehearing Denied April 22, 1976.
*117 Prunty, Ross, DeLoach & Olsen, Miami, for appellant.
Turner, Hendrick, Guilford, Goldstein & McDonald and S. Alan Stanley, Coral Gables, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
This is an appeal by Gerald Joseph Herzog from those portions of a final judgment of dissolution of marriage in which permanent alimony and the home were awarded to Flora Herzog, the wife, and from an order taxing costs, awarding attorneys fees and denying the husband's petition for rehearing.
The husband contends that the trial court erred in (1) requiring him to pay lump sum alimony in the amount of $5,000 in addition to the monthly alimony payments; (2) conveying to the wife, the residence property owned by the parties by the entireties, and (3) awarding an attorneys fee of $5,000 for the services of the wife's attorney.
As to the first point, we initially note that the final judgment does not state whether the transfer of the husband's interest in the house is by way of special equity, lump sum alimony or for some other purpose. It appears from the record that Flora Herzog owned the house at the time of her marriage to Gerald Herzog. During the course of the marriage, Flora transferred the house into both names, allegedly because of fraudulent misrepresentations made by the husband. Flora later agreed to sell Gerald her one-half interest in the house for $10,000, and he proceeded to pay the agreed monthly payments up to a total of $4,700. Gerald subsequently became ill and advised Flora that he wanted to sell the house. She refused and instituted this suit for divorce.
Review of the record indicates that there is no evidence to justify the award of the home to the wife as lump *118 sum alimony[1] or as a special equity.[2] An ordinary conveyance to the entireties of one spouse's property is presumed a gift. Such a presumption is not easily overcome. Calligarich v. Calligarich, Fla.App. 1971, 256 So.2d 60; See Steinhauer v. Steinhauer, Fla.App. 1971, 252 So.2d 825. In the instant case, there are no facts to support rebuttal of the presumption of a gift. Therefore, it was error to order the husband to convey to the wife the property held by the entireties. See Owen v. Owen, Fla. 1973, 284 So.2d 384. In spite of the oral agreement to sell it to the husband, we hold that the properties owned by the entireties, now be held as tenants in common. § 689.15, Fla. Stat.
As to the second point, the cases are legion that a trial judge has broad discretion in determining whether, what type, and in what amount, alimony will be awarded, and that his decision will not be disturbed by an appellate court unless an abuse of discretion is shown. Christianson v. Christianson, Fla.App. 1973, 274 So.2d 562; Primato v. Primato, Fla.App. 1973, 274 So.2d 568; Sapp v. Sapp, Fla.App. 1973, 275 So.2d 43. No abuse of discretion having been made to appear on the record presented in this case, the award of permanent alimony must be affirmed.
As to the third point relating to attorneys fees, we find no clear abuse of discretion in the award of attorneys fees in this case. See Bosem v. Bosem, Fla. 1973, 279 So.2d 863; Greenberg v. Greenbery, Fla.App. 1974, 289 So.2d 439. However, due to the relative financial status of each party, we find that it was error to order the husband to pay the entire amount of the attorneys fee. See Mertz v. Mertz, Fla.App. 1973, 287 So.2d 691, and compare Melton v. Melton, Fla.App. 1971, 251 So.2d 705. Therefore, for the reasons stated and on the authorities cited, the final judgment of dissolution of marriage and the order taxing costs, awarding attorneys fees and denying the petition for rehearing are affirmed in part and reversed in part and remanded to the trial court with instructions to place title of the former marital domicile in both parties' names, as tenants in common, as provided by § 689.15, Fla. Stat., and to order that Gerald Herzog pay no more than one-half, ($2,500) of the wife's attorneys fees.
It is so ordered.

ON REHEARING
PER CURIAM.
A petition for rehearing having been filed in this case by Flora Herzog, the appellee, and the court having taken into consideration the points raised in such petition, the opinion of this court is amended in the following respect:
Due to the fact that the appellee wife owned the marital residence at the time of her marriage to the appellant, and that the transfer of the house to their joint names occurred prior to the date of adoption of the 1968 Florida Constitution, we recede from our holding that the house is to be held as tenants in common based on the presumption of a gift. Rather, we hold that it is to be held as tenants in common since the appellant gave good and valuable consideration in keeping with the agreement between the parties.
The remaining points raised in the petition are without merit and will not be discussed. No useful purpose would be served by rehearing this cause. Accordingly, the petition for rehearing is denied.
It is so ordered.
NOTES
[1] See Yandell v. Yandell, Fla. 1949, 39 So.2d 554.
[2] See Hanzelik v. Hanzelik, Fla.App. 1974, 294 So.2d 116.