346 So.2d 56 (1977)
Flora HERZOG, Petitioner,
v.
Gerald Joseph HERZOG, Respondent.
No. 49498.
Supreme Court of Florida.
March 10, 1977.
Rehearing Denied June 8, 1977.
*57 Alan R. Dakan of High, Stack, Davis & Lazenby, Miami, for petitioner.
John W. Prunty of Prunty, Ross, DeLoach & Olsen, Miami, for respondent.
ADKINS, Acting Chief Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Third District (Herzog v. Herzog, 330 So.2d 116), which allegedly conflicts with a prior decision of this Court (Shaw v. Shaw, 334 So.2d 13 (Fla. 1976)), as well as a prior decision of the District Court of Appeal, First District (Tyrrell v. Tyrrell, 281 So.2d 221), and the District Court of Appeal, Second District (Hobbs v. Hobbs, 136 So.2d 363) on the same point of law. We have jurisdiction, pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioner wife filed suit for dissolution of marriage. The trial court entered judgment of dissolution granting (wife) petitioner permanent alimony, the marital home and attorney fees. In so holding, the court found in part:
"That, if the Wife entered into an oral agreement with the Husband, it was done under duress and without advice of independent counsel for the Wife, and therefore, is of no force and effect. That any money paid by the Husband to the Wife since their separation by virtue of the purported agreement would normally have been the amount he would have been obligated to pay for her support, or which he should have paid for the use of her home."
The court further found that the husband had disposed of the jointly owned personal property from the residence of the parties, and also assets of Gerald J. Herzog, Inc., of which petitioner was a majority owner.
Upon appeal, the District Court affirmed the award of permanent alimony and reversed the award of the home and one-half of the attorney's fees. In reversing the award of the home the court determined that it was to be held as tenants in common, since respondent gave good and valuable consideration in keeping with his agreement to purchase a one-half interest. Concerning the attorney fees, the District Court said:
"As to the third point relating to attorneys fees, we find no clear abuse of discretion in the award of attorneys fees in this case... . However, due to the relative financial status of each party, we find that it was error to order the husband to pay the entire amount of the attorneys fee." 330 So.2d at 118.
The District Court's opinion does not point to any legal error committed by the trial court, but instead finds error based upon an apparent re-evaluation of the evidence.
In Shaw, supra, this Court said:
"It is clear that the function of the trial court is to evaluate and weigh the testimony and evidence based upon its observation of the bearing, demeanor and credibility of the witnesses appearing in the cause. It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test, as pointed out in Westerman, supra [Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972)], is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court's right to reject `inherently incredible and improbable testimony or evidence,' it is not the prerogative of an *58 appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court." 334 So.2d at 16.
This was essentially what the First District Court held in Tyrrell, supra:
"The trial court's judgment is clothed with a presumption of correctness and we do not think the appellant has overcome this presumption. It is not the province of this Court to substitute its judgment for that of the trier of facts in the absence of a clear showing of error." 281 So.2d at 221.
The Second District Court in Hobbs, supra, stated in part:
"[T]he criterion is not that we would have ruled differently had we been in the position of the chancellor but whether we conclude, with requisite assurance, that the chancellor's ruling constituted a palpable abuse of discretion." 136 So.2d at 365.
There is conflict and we have jurisdiction.
The tenancy in common ordered by the District Court based upon the agreement of the parties flies in the face of the findings of fact of the trial court. The finding by the trial court that any oral agreement made was "of no force and effect" due to duress and lack of independent counsel should not be dispensed with so summarily. Generally, in appellate proceedings, the trial court's findings of fact are shielded from attack and are clothed with a presumption of validity. Even if the appellate court disagrees with the trial court and would have reached a different conclusion had it been in the shoes of the trial court, barring a lack of substantial evidentiary support for the findings of the trial court, the judgment should be affirmed. Greenwood v. Oates, 251 So.2d 665 (Fla. 1971); Glass v. Parrish, 51 So.2d 717 (Fla. 1951); Trobaugh v. Trobaugh, 81 So.2d 629 (Fla. 1955). A review of the record of trial discloses sufficient grounds for the findings of fact issued by the trial court.
As the District Court noted in its opinion:
"[W]e [can] find no clear abuse of discretion in the award of attorneys fees in this case." 330 So.2d at 118.
We agree with this analysis and would reaffirm the trial court on this point, since absent a showing of an abuse of discretion the finding should stand.
Therefore, the decision of the District Court of Appeal is quashed, with instructions to reinstate the final judgment of the trial court.
It is so ordered.
ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents.