352 So.2d 72 (1977)
Larry Gene MERIDITH, Appellant,
v.
Debbie Ewing MERIDITH, Appellee.
No. 76-780.
District Court of Appeal of Florida, Fourth District.
May 20, 1977.
F.D. McKnight of Yergey, Yergey & McKnight, Orlando, for appellant.
James N. Powers, Orlando, for appellee.
PER CURIAM.
Affirmed.
CROSS and LETTS, JJ., concur.
DOWNEY, J., dissents, with opinion.
DOWNEY, Judge, dissenting:
The sole issue on this appeal in a dissolution of marriage proceeding is the propriety of awarding the husband's undivided interest in the marital home to the wife as lump sum alimony. The majority has concluded that it was proper, but I feel it was not.
The parties are people of modest means. The husband is a well drilling supervisor whose entire net income is $179.35 per week. His only asset is an undivided one-half interest in the marital home and furniture of the parties, which one-half interest is worth approximately $15,500. The wife is employed by her father, a franchise automobile dealer. She receives a salary of $70.00 per week, plus the use of a fully maintained and insured automobile. She is also the owner of 50% of the corporate stock and president of a corporation which manages the advertising for her father's automobile dealership. During several years she received as much as $2,000 per annum income therefrom.
The parties owned a home conveyed to them jointly as a gift by the wife's sister. At the time they sold this home the parties had an equity therein of approximately $10,000, which was used to build the marital home owned by them at the time of the dissolution. The wife's parents made a gift to the husband and wife of the money to buy the lot on which to build that home and the husband's father contributed labor and materials in further improving the property.
*73 The wife prayed for an award of the entire ownership of the marital home either as a special equity or as lump sum alimony. The trial court found in the final judgment that the wife was not entitled to a special equity (a finding supported by the record). However, the judge awarded her the husband's undivided interest in the home as lump sum alimony, but did not award any periodic alimony, either rehabilitative or permanent. The judgment also awarded custody of the two minor children of the parties to the wife, together with $300 per month child support.
The husband thus emerges from this litigation stripped of approximately 40% of his income and his only asset. He makes no complaint about the child support award, but he contends the lump sum alimony award is not justified.
As I read what is being written today by the appellate courts of this state on the subject of lump sum alimony, I glean that the original Florida case discussing lump sum alimony, Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), has not been changed. That case makes it clear that lump sum alimony, as provided by statute, "should be made only in those instances when some special equities might require it or make it advisable." 39 So.2d at 556. As Judge Boyer points out in Cann v. Cann, 334 So.2d 325 (Fla.1st DCA 1976), the special equities to be considered in determining the propriety of a lump sum alimony award are not to be confused with a special equity which one spouse might acquire in property accumulated during the marriage. I digress somewhat to mention this only because it seems to me that a great deal of our problems in the disposition of property in dissolution of marriage cases today comes from the use of loose language causing confusion in the categories authorizing awards of money or property. Thus, the court in the Cann case made a timely effort to redefine the categories of relief available vis a vis the disposition of property between husband and wife.
Yandell purposes some instances in which lump sum alimony may be appropriate. Though I doubt the instances specified were meant to be exclusive, neither they nor any other equities are existent in this case such as to warrant an award of lump sum alimony. In a recent expression on the subject by the Supreme Court of Florida, Cummings v. Cummings, 330 So.2d 134, 136 (Fla. 1976), the Court reiterated a main criterion for such an allowance, when it stated:
"[I]t is evident that the award of lump sum alimony sub judice is unsupported since there is no positive showing of necessity on the wife's part, even though the husband may possess the pecuniary ability to supply the necessity." (Emphasis supplied.)
While couched in different terms this same requirement has mandated a reversal of lump sum alimony awards in numerous recent cases. See for example Jones v. Jones, 330 So.2d 536 (Fla.1st DCA 1976); Herzog v. Herzog, 330 So.2d 116 (Fla.3rd DCA 1976); Gesford v. Gesford, 337 So.2d 1017 (Fla. 4th DCA 1976).
Accordingly, I would reverse that aspect of the final judgment which awarded appellant's interest in the marital domicile to appellee and remand the cause to the trial court with directions to (a) award the appellee and the minor children possession of the marital home until further order of the Court and (b) make such other provisions for payment of mortgages, insurance, taxes, and maintenance as may be equitable.