BARKDULL, Judge.
By this appeal, appellant questions a final judgment entered in a dissolution of marriage proceeding. The matter was duly set for final hearing by an order of the court, which read in part as follows:
* * * * * *
“All attorneys are directed to appear before the undersigned Judge, at the Dade County Courthouse, for the Call of the Calendar, 9:30 o’clock, A.M., Monday, November 7, 1977. Failure to appear may result in a dismissal of the Plaintiff(s)’ claim or the striking of the pleadings of the Defendant(s) and entry of a Default.”
* * * * * *
At the time set for hearing, counsel for the husband had a conflict but, because the husband desired for the matter to proceed, no motion for continuance was filed and neither the husband nor his counsel made an appearance at the final hearing.
After receiving the plaintiff’s evidence and reviewing the file, the trial judge entered an extensive final judgment of dissolution of the marriage and obligated the husband to pay the following: (1) $125.00 per week permanent periodic alimony; (2) cost of repairs to wife’s 1966 Dodge in the amount of $119.00; (3) all past doctor and hospital bills incurred by the wife, which are not or will not be covered by hospitalization insurance; (4) all remaining balances on accounts with Sears and Bank Americard; and (5) wife’s attorney’s fees and costs in the total amount of $1,192.20. He also awarded the wife, as lump sum alimony, the husband’s interest in the marital home which was titled in an estate by the entireties. This appeal ensued, the appellant now contending that the trial judge should not have gone forward with the final hearing and that the trial judge erred in the amount of periodic alimony awarded of $125.00 per week when the wife only sought $100.00 per week by her pleadings, and that the court erred in the award of the husband’s interest in the marital home as lump sum alimony.
We find no merit in the alleged error in the trial court proceeding with the final hearing. It was properly noticed; there *817 was a clear order instructing all counsel to be prepared for the final hearing, and the rules provide a proper method by motion for continuance if a party is unable to attend. See: Putnam v. Putnam, 57 Fla. 503, 48 So. 629 (1909); 7 Fla.Jur., Continuances § 33; Florida Rules Civil Procedure 1.100 and 1.460. It is admitted that no motion for continuance was filed, and we find no error in the trial judge’s action in proceeding to final hearing in the matter.
This was a marriage of twenty-nine years. The wife had no assets other than her interest in the home; the husband was employed earning $250.00 a week net, with no substantial assets other than his interest in the home. The wife was not employed and had not been employed during the marriage. We affirm all the actions of the trial judge as being awards within his discretion [see: Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Jassy v. Jassy, 347 So.2d 478 (Fla.2d DCA 1977); Bender v. Bender, 361 So.2d 829 (Fla.3d DCA 1978)], except the award of $125.00 per week as permanent periodic alimony which we modify to $100.00 per week, because the husband had a right to rely on the claim in the pleading which was for $100.00 a week, and there was no testimony before the chancellor requesting an amendment to the pleadings nor evidence which sought an amount in excess of that sought by the pleadings.
This opinion is not to be construed as preventing a chancellor (when a party fails, to show up for a duly noticed final hearing) from entering an award which may be greater than that sought in the pleadings, but under the circumstances of the instant case (where there was nothing in the evidence to justify the increase in the periodic alimony from that sought in the pleadings) we think the husband had a right to rely on the pleadings and it was error for the chancellor to increase this amount.
Therefore, we affirm the final judgment here under review, except we modify the periodic alimony award as provided in Paragraph 4 of the final order of dissolution from $125.00 per week to $100.00 per week.
Affirmed as modified.