366 So.2d 425 (1978)
Larry Gene MERIDITH, Petitioner,
v.
Debbie Ewing MERIDITH, Respondent.
No. 51858.
Supreme Court of Florida.
December 21, 1978.
F.D. McKnight of Yergey, Yergey & McKnight, Orlando, for petitioner.
James N. Powers, Orlando, for respondent.
PER CURIAM.
We have jurisdiction of this cause because the decision of the District Court, Meridith v. Meridith, 352 So.2d 72 (Fla. 4th DCA 1977) conflicts with Cummings v. Cummings, 330 So.2d 134 (Fla. 1976), among other cases. Article V, Section 3(b)(3), Florida Constitution.
In Cummings the parties in a marriage dissolution proceeding owned their home as a tenancy by the entireties. Upon dissolution the usual course would have been for the parties to hold the home as tenants in common. Section 689.15, Florida Statutes (1975). Instead, the court awarded the marital home to the wife as lump sum alimony and the District Court affirmed. We quashed the affirmance because there was no positive showing of necessity on the wife's part. As was stated in Judge Downey's dissent, there was no such showing to support the award to the wife of the marital home, held jointly by the parties, in this case, either.
The decision of the District Court is quashed and the dissenting opinion of Judge Downey is adopted as the decision of this Court. The cause is remanded with directions to enter the mandate suggested by Judge Downey.
It is so ordered.
ADKINS, BOYD, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, C.J., and OVERTON and ALDERMAN, JJ., dissent.