LARRY G. SMITH, Judge.
The husband seeks reversal of the following awards to the wife in a final judgment of dissolution of marriage: (1) the husband’s interest in the jointly owned marital home as lump sum alimony; (2) permanent alimony in the sum of $75.00 a month in lieu of child support for each of the three minor children, payable as each minor child for whom support is awarded reaches the age of majority, becomes self-supporting, marries or dies; and (3) a $5,000.00 special equity in the restaurant owned by the husband. The husband also complains that the trial court improperly awarded the wife’s equitable interest in the restaurant to him, since neither party asked for such relief in their pleadings.
After consideration of the briefs and oral argument, and the record of testimony before the trial court, we conclude that the trial judge did not abuse his discretion in awarding the wife a permanent alimony adjustment as the children mature and child support ceases nor in awarding her at least a $5,000.00 special equity in the restaurant owned by the husband. However, *414 we agree that the trial court erred in awarding to the wife the husband’s interest in the jointly owned marital home as lump sum alimony. We also agrees.that because this award must fall the trial court may reevaluate and readjudicate the wife’s equitable interest in the restaurant.
The parties were married in 1959 and have four children, three of whom are minors. The wife is employed as a patient care coordinator and the husband, a retired Air Force officer, manages a seafood restaurant which was purchased in his name in 1977. In her petition for dissolution, the wife sought the jointly owned home as lump sum alimony, permanent alimony, child support, an equitable interest in the restaurant, and a $5,000.00 special equity in the restaurant. The husband answered, denied the special equities alleged by the wife, admitted that her father had given him a loan for the business, and requested that the court partition the parties’ home, household goods and furnishings. During the final hearing, the husband’s attorney agreed to a finding that the parties had acquired the restaurant in the husband’s name but with the use of joint funds. The wife took the position before the trial court that the equity in the home and the business were roughly equivalent and that she would rather be awarded the home as alimony and her husband be given the restaurant. The husband admitted that if certain assets held in the restaurant’s name were included, the equity in the restaurant would be greater than the equity in the home. However, he contended that it would be an inequitable distribution of the property to give the wife the home and him the restaurant because the house was more marketable and he needed a marketable asset to pay the debts he owed.
The trial court’s award of the husband’s interest in the marital home as lump sum alimony must be reversed as the wife did not prove necessity, a special equity requiring the award, nor the beneficial advisability of the award to both parties. Meridith v. Meridith, 366 So.2d 425 (Fla.1978) adopting dissenting opinion in Meri-dith v. Meridith, 352 So.2d 72 (Fla. 4th DCA 1977); Cummings v. Cummings, 330 So.2d 134 (Fla.1976); Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976). However, in so holding, we express no opinion as to the trial court’s prerogative on remand to award the wife the exclusive use and possession of the marital home until the youngest child reaches majority, marries, becomes self-supporting or dies or she remarries.
The final judgment does not make a specific finding concerning the wife’s claim of an equitable interest in the restaurant based on the use of joint funds for acquisition, or because of her participation in its establishment and operation. It merely provides that upon payment of the $5,000.00 special equity in the restaurant by the husband to the wife, the wife would be required to execute such documents as are necessary to convey her equitable interest in the business to her husband. The record clearly supports the award of a special equity to the wife of at least $5,000.00, but the final judgment does not specify the manner in which this amount was computed by the trial judge. There is evidence that money belonging to the wife’s father (being held in trust by the wife) in the amount of $5,000.00 was invested by the parties in the restaurant business. There was further evidence that a boat valued at $5,300.00 was purchased with joint funds, then transferred to the business. In his brief, the husband admits that in excess of $12,000.00 of the parties’ joint funds were used to purchase the restaurant, held solely in his name. Both parties in their arguments before the court seem to assume that the $5,000.00 special equity awarded to the wife was based at least in part upon the fact that this amount of the wife’s father’s funds went into the business, implying the existence of a repayable debt or obligation to the father. No definite provision is made in the final judgment concerning liability for payment of this obligation, and we are unable to determine whether the judgment provision requiring the husband to pay “all indebtedness of the business”, and hold the wife harmless, was intended to impose liability for all or any part of the $5,000.00 owed to the wife’s father.
*415 The parties present conflicting arguments before this court as to whether the trial judge considered that the wife had greater equitable interest in the restaurant (over and above the $5,000.00 special equity) which he awarded to the husband in exchange for awarding the husband’s interest in the home to her as lump sum alimony. Unless the pleadings request it or both parties agree, we find that such an equitable distribution of jointly held properties has been disapproved in prior decisions. Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978), Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974). However, we express no opinion concerning the amount of any additional “special equity” in the restaurant which may ultimately be awarded to the wife on remand, nor do we make any determination with respect to the existence or nonexistence of any debt to the wife’s father, nor who shall be responsible for payment of the same. These are questions that must be resolved by the trial judge.
Accordingly, the judgment is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
ERVIN, J., concurs.
ROBERT P. SMITH, Jr., Acting C. J., dissents.