PER CURIAM.
This appeal from a final order in a dissolution of marriage proceeding raises only one issue that we deem meritorious. The marital domicile was titled in joint names. Neither party was deemed to have acquired a special equity in that property. Under familiar principles the parties became ten *1205 ants in common with equal interests in the real property or the proceeds of its sale. Section 689.15, Florida Statutes (1979); Meridith v. Meridith, 366 So.2d 425 (Fla. 1978). The lower tribunal ordered the wife to sell her one-half interest to the husband for a fixed amount within a certain period of time. The proceeds are then characterized by the court as lump sum alimony to the wife. This was error. If the wife is entitled to lump sum alimony then it may not be satisfied by giving her what is already hers.
Accordingly we affirm the final judgment in all other respects but reverse those provisions dealing with lump sum alimony and requiring the wife to convey her interest to the husband for a fixed amount. On remand the trial court should make a determination as to whether lump sum alimony is appropriate and, if so, in what amount. Further, if either party is required to convey an interest in the real property to the other party then the interest to be transferred should be valued at present fair market value. Negron v. State, 306 So.2d 104 (Fla. 1974).
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
MOORE, HERSEY and GLICKSTEIN, JJ., concur.