FRANK D. UPCHURCH, Jr., Judge.
Patsy Wittenstein appeals from a final judgment of dissolution questioning the award to her as lump sum alimony of her own one-half interest in the marital residence held by the parties as an estate by the entireties.
*19 The court in Billings v. Billings, 406 So.2d 1204, 1205 (Fla. 4th DCA 1981) stated:
The marital domicile was titled in joint names. Neither party was deemed to have acquired a special equity in that property. Under familiar principles the parties became tenants in common with equal interests in the real property or the proceeds of its sale. Section 689.15, Florida Statutes (1979); Meridith v. Meridith, 366 So.2d 425 (Fla.1978). The lower tribunal ordered the wife to sell her one-half interest to the husband for a fixed amount within a certain period of time. The proceeds are then characterized by the court as lump sum alimony to the wife. This was error. If the wife is entitled to lump sum alimony then it may not be satisfied by giving her what is already hers.
We reverse the provision dealing with lump sum alimony and affirm the final judgment in all other respects. On remand, the trial court should determine whether lump sum alimony is appropriate and if so, in what amount.
AFFIRMED in part; REVERSED in part and REMANDED.
COBB, C.J., and COWART, J., concur.