SANDERLIN, Judge.
The Department of Health and Rehabilitative Services, on behalf of Sylvia Ayala, filed a complaint to establish that Larry Dean Kelly was the father of a child born to Ayala on January 21, 1982. At the end of trial, the court announced, without explanation, that paternity had not been established, and entered an order dismissing the complaint with prejudice. We reverse.
Upon review, we hold that the manifest weight of the evidence establishes paternity. See Yarmark v. Strickland, 193 So.2d 212 (Fla. 3d DCA 1966), cert. denied, 201 So.2d 559 (Fla.1967). The testimony of Ayala, her brother, and her mother, along with the human leukocyte antigen (HLA) test results which indicated a 97.7% probability of paternity overwhelmingly refutes Kelly’s testimony that he did not have intercourse with Ayala, that he never saw her alone, and that he did not begin seeing her until July 1981, at which time she would have been approximately four months’ pregnant.
Accordingly, we reverse the trial court’s order and remand with directions to reinstate the complaint and to hold further proceedings consistent herewith.
SCHEB, A.C.J., and HALL, J., concur.