JOANOS, Judge.
This is an appeal from a trial court ruling that appellant Debra Elaine Hill (Hill) failed to establish her claim regarding paternity by a preponderance of the evidence. We reverse.
Hill testified that during the period of conception she had sexual relations with appellee Elconnie Jackson (Jackson), and with no other man. Hill admitted that at the beginning of her relationship with Jackson, she was seeing another man and for a short period of time she had sexual relations with both men. She testified unequivocally, however, that she stopped seeing the other man three months before conception. For his part, Jackson admitted engaging in sexual relations with Hill on several occasions, but he denied that such relations took place during the relevant time period.
After Hill filed her complaint alleging that Jackson is the father of her son, the parties agreed to undergo human leukocyte antigen (HLA) testing. The HLA test is designed to determine the probability of paternity in excess of 90%. See: Holliman v. Green, 439 So.2d 955 (Fla. 1st DCA 1988). The results of the test conducted in this case established a 99.99% probability that Jackson is the biological father of Hill’s son.
In the final judgment, the trial court expressly found that Hill had sexual relations with Jackson and with another man during the time period*of conception. In addition, the court noted there is a margin of error in the HLA Blood Test results. *689 Accordingly, the trial court ruled that the paternity allegations as to Jackson had not been established by a preponderance of the evidence.
While it is well settled that a trial court’s findings come to the reviewing court clothed with a presumption of correctness; Coleman v. Coleman, 191 So.2d 460 (Fla. 1st DCA 1966), it is equally well settled that a trial court’s ruling may be reversed if it is not supported by competent substantial evidence. Herzog v. Herzog, 346 So.2d 56, 58 (Fla.1977). By the same token, while a trial court’s finding based on conflicting evidence is entitled to the presumption of correctness, Liberty Mutual Insurance Company v. Furman, 341 So.2d 1056 (Fla. 3rd DCA 1977), in the absence of conflicting evidence, a finding contrary to the weight of the evidence is clearly erroneous. Standard Oil Company v. Gay, 118 So.2d 212 (Fla.1960).
In Carlyon v. Weeks, 387 So.2d 465, 466 (Fla. 1st DCA 1980), this court held that the HLA blood test is admissible in an action to establish paternity, when a sufficient predicate has been laid concerning the test’s validity. The HLA tests are considered to have substantial probative value in determining paternity, since now they establish “probability of paternity rather than merely exclude a person as the father.” Locklear ¶. Sampson, 478 So.2d 1113 (Fla. 1st DCA 1985) (emphasis supplied); Bailey v. Richardson, 412 So.2d 69 (Fla. 1st DCA 1982). Despite a better than 90% degree of accuracy, however, the HLA tests are not infallible and cannot be accepted as conclusive on the issue of paternity. Amos v. Department of Health and Rehabilitative Services, 444 So.2d 43 (Fla. 1st DCA 1983); Joyner v. Hair, 485 So.2d 491 (Fla. 3rd DCA 1986). See also: Strickland v. Strickland, 456 So.2d 583 (Fla. 2d DCA 1984), in which the Second District Court reversed a partial summary judgment granted solely on the basis of an HLA reading which indicated a 99.03% probability of paternity, finding that a high degree of probability cannot be taken as conclusive. In a more recent case, the Second District ruled that testimony of the complainant, and of the complainant’s mother and brother, taken together with the HLA tests which indicated a 97.7% probability of paternity overwhelmingly refuted the putative father’s claims that he had never seen the complainant alone, and had not begun seeing her until she was four months pregnant. Department of Health and Rehabilitative Services v. Kelly, 487 So.2d 385 (Fla. 2d DCA 1986).
In the instant case, the trial court considered conflicting evidence concerning whether Jackson had sexual relations with Hill during the time that conception occurred. The trial court resolved the conflict by finding that Jackson had done so. However, the record contains no conflicting evidence concerning Hill’s possible sexual relations with another man at the critical time period, thus there is no evidence to support the trial court’s ruling on this point. Hill’s testimony was clear that she stopped seeing the other man three months before she became pregnant. Although Jackson denied having sexual relations with Hill at the time she became pregnant, he was very ambiyalent about the times they had been together. While it was within the trial court’s discretion to reject Hill’s claim that she engaged in sexual relations with Jackson at the time of conception, there is no support in the record for the trial court’s finding that Hill was having sex with both men during the critical time period.
We conclude, therefore, that Hill’s testimony that she engaged in sexual relations with Jackson and no other during the period of conception, taken together with the HLA test results which indicated a 99.99% probability that Jackson is the father of Hill’s son, is sufficient to establish patemity.
Accordingly, the final judgment is reversed, and remanded for further proceedings consistent with this opinion.
BOOTH, C.J., and NIMMONS, J., concur.