649 So.2d 273 (1995)
Albert GOODSTEIN, Appellant,
v.
Dolores GOODSTEIN, Appellee.
No. 93-2419.
District Court of Appeal of Florida, Third District.
January 11, 1995.
Rehearing Denied February 22, 1995.
Shorenstein & Lewis, Melvyn B. Frumkes & Associates, Elser, Greene, Hodor & Fabar and Cynthia L. Greene, Miami, for appellant.
Holland & Knight and Linda Ann Wells, Miami, for appellee.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
The husband, Albert Goodstein, appeals from the amended final judgment of dissolution of marriage and from the prior non-final order granting the wife's petition to set aside the property settlement agreement. The wife, Dolores Goodstein, cross-appeals from that portion of the amended final judgment of dissolution of marriage that awarded her permanent periodic alimony but did not make that award retroactive from the date of the filing of the petition for modification. We *274 affirm the non-final order and all aspects of the amended final judgment.
The parties were married on November 4, 1968. There were no children of this marriage. At the time of the divorce, the husband was 77 years old and the wife was 67 years old.
In August 1990, with the aid of the husband's attorney, a post-nuptial agreement was drafted, together with an inter vivos trust and a will. The wife executed the agreement but later had second thoughts. She decided to consult her own attorney. Her attorney advised her that the agreement was extremely unfair. On September 14, the parties accompanied by their respective counsels met and ultimately agreed to revoke the post-nuptial agreement.
A few days later, the wife retained another attorney to file for dissolution of marriage. On September 24, at a hearing before the trial court, the post-nuptial agreement was, by agreement between the parties, revoked.
In December 1990, the wife was hospitalized for twelve days with pneumonia. She was released from the hospital on December 29 and readmitted on January 28, 1991, to undergo open heart surgery to correct a leaking valve. Prompted by the wife's hospitalization, the parties agreed on January 17 to abate the dissolution proceedings until February 28. On February 6, the wife was released from the hospital and returned home to convalesce. An expert would later testify that, at this time, the wife was suffering from "wounded animal syndrome," a severe physical and psychological reaction to physical harm, and from the after-effects of the anesthesia. In addition, the wife was taking prescription medications daily, including Percoset, a medication that would later be described by an expert as a "mind-altering drug."
On February 20, the parties, without counsel, agreed to have dinner to discuss a settlement of the case. They came to an agreement, and they formally executed it two days later. On February 28, the wife's attorney informed her by letter that the agreement was not "fair" or equitable and that he was withdrawing from further representation.
On March 27, at an uncontested final hearing, the wife appeared in court represented by her first attorney and testified under oath regarding the agreement. The court attempted to ensure that she had voluntarily entered into this agreement. The court specifically asked her whether she was taking any medication. She responded that she was only taking heart medication. The court further inquired as to whether she understood the agreement and whether she knew that both her prior and her current attorneys had advised her against entering into the agreement. She answered affirmatively. Consequently, the settlement agreement was incorporated into the final judgment of dissolution of marriage.
However, in October, the wife filed a motion to set aside the property settlement agreement and for relief from the final judgment. As grounds, the wife stated, "[the agreement] was the product of the husband's fraud and misrepresentation, as well as, his overreaching, undue influence and duress imposed upon [her] in the weeks leading to its execution." The court held an extensive evidentiary hearing wherein the parties testified, as did their respective witnesses, including experts. The parties also presented documentary evidence and memoranda of law. At the conclusion of the evidence, the court made several findings of fact, including the following:
2. The Agreement executed by the parties on February 23, 1991, and incorporated into the Final Judgment of Dissolution of Marriage on March 27, 1991, was entered into by the Wife as a result of the Husband's overreaching and duress.
3. The testimony of Dr. Wells, the Wife's cardiologist, established that at the time she signed the Agreement, the Wife had not recovered sufficiently from open heart surgery. Therefore, she was unable to participate in serious discussions, and her decisions were not made with a full understanding of the ramifications thereof.
Order dated January 26, 1993 (emphasis added). On January 26, 1993, as a result of these findings, the court set aside the property settlement agreement.
*275 Subsequently, the court entered the amended final judgment of dissolution of marriage. The court valued and redistributed the parties' assets and awarded an additional $309,900 in assets to the wife. The court also awarded the wife permanent periodic alimony ($1,000 per month) with leave for modification following final resolution of a pending lawsuit. Lastly, the court found that the wife was entitled to attorneys' fees and costs and reserved jurisdiction for a later determination of the amount of these fees and costs. This appeal follows. The husband alleges several errors below; however, we find that only one of his points on appeal merits discussion.
The husband contends that the trial court abused its discretion by setting aside the settlement agreement that was incorporated into the parties' original final judgment of dissolution of marriage. We disagree. In Casto v. Casto, 508 So.2d 330, 333 (Fla. 1987), the Florida Supreme Court provided that, "a spouse may set aside or modify an agreement by establishing that it was reached under fraud, deceit, duress, coercion, misrepresentation, or overreaching." In the case below, we find that the trial court correctly applied the Casto standard in setting aside the property settlement agreement where there was competent, substantial evidence to support the trial court's findings of fact that the agreement was "the result of the Husband's overreaching and duress." See Herzog v. Herzog, 346 So.2d 56 (Fla. 1977). Therefore, the trial court properly set aside the property settlement agreement and entered the amended final judgment.
Furthermore, we have considered the wife's cross-appeal and find that it lacks merit.
Accordingly, we affirm.