PER CURIAM.
This appeal arises from a final judgment in which the trial judge found that Virgil Peacock, since deceased, was competent and not under undue influence when he executed two *952 deeds and a bill of sale in favor of Appellee Willie Melvin. The cross-appeal challenges the trial court’s finding that title to Peacock’s mobile home and an accompanying affidavit failed to effect a transfer of Peacock’s mobile home. We affirm.
Having read counsels’ briefs and heard oral argument, we must note from the outset that the findings of a trial judge sitting as trier of fact are clothed with the same presumption of correctness accorded a jury verdict. Stockton, Whatley, Damn & Co. v. Brock, 349 So.2d 175 (Fla. 1st DCA 1977). In a trial without a jury, the trial judge must evaluate and weigh the testimony and the evidence presented and judge the credibility of the witnesses. Shaw v. Shaw, 334 So.2d 13 (Fla.1976). An appellate court should not substitute its own judgment for that of the trial court by engaging in a reevaluation of the testimony and the record. Herzog v. Herzog, 346 So.2d 56 (Fla.1977). Instead, the accuracy of the trial judge’s conclusions on fact questions is tested by interpreting the evidence and all reasonable inferences capable of being drawn from them in the light most favorable to the trial court’s conclusions. Cameron v. State 112 So.2d 864 (Fla. 1st DCA 1959). Although a trial court’s findings of fact must have a basis in the record, they will not be disturbed on appeal if they are supported by any credible evidence “[e]ven if the appellate court disagrees with the trial court and would have reached a different conclusion had it been in the shoes of the trial court.” Herzog, 346 So.2d at 58; Leath v. State, 333 So.2d 122 (Fla. 1st DCA 1976). In the instant case, we find the trial judge’s findings are supported by competent evidence, and we affirm.
MINER, WEBSTER and BENTON, JJ., concur.