# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1734

_____

ANTHONY Q. LIZZMORE,
Husband,

     Appellant,

     v.

TONIA E. LIZZMORE, Wife,

     Appellee.

_____


On appeal from the Circuit Court for Duval County.
W. Gregg McCaulie, Judge.

February 4, 2019

PER CURIAM.

Appellant challenges the lower court's final judgment of dissolution of marriage, arguing that the permanent periodic alimony award exceeded Appellant's ability to pay, and also exceeded Appellee's need and the amount requested by Appellee in her petition for dissolution.

In June 2015, following the parties' thirty-six year marriage, Appellee filed an amended petition for dissolution of marriage, requesting permanent periodic alimony of $1,000 per month, and the parties filed financial affidavits. Appellee's financial affidavit listed unemployment income of $1,100 per month and $1,614.82 in monthly expenses, resulting in a $514.82 deficit. Appellant's financial affidavit listed a net monthly income of $2,999.58 and

monthly expenses of $5,937.36, which included $3,622.36 in household expenses, $792 in expenses for maintaining three automobiles, $202 for insurance, and $377 in miscellaneous expenses.

At the final hearing, Appellant testified that he was currently working forty hours per week and earning $13 per hour as a valet, and was also working part time and earning approximately $260 per month. He also received social security benefits of $1,501 per month, with his health insurance of $275 taken out of those benefits, and he maintained a 401(k) account. He testified that he was not paying the mortgage and property taxes listed as expenses on his financial affidavit due to the home's foreclosure.

Evidence was also presented that Appellee had been living with friends and family, but had just begun work after being unemployed for several years and was earning $1,900 per month, whereas in 2015 she had been receiving unemployment income of $1,100 per month. Appellee testified that her expenses had also increased in the two years since filing her financial affidavit.

The trial court found that Appellant earned $2,999.58 in net monthly income and that he had access to a 401(k) account and other assets. The court excluded $1,553 from Appellant's listed household expenses, as those amounts were in foreclosure and were not being paid. The court found that Appellee earned $1,764 per month but had monthly expenses of $1,694, including $729 in rent, $290 for a car payment, $200 in insurance, and a medical bill of $837. The court also noted that Appellee "appears to be in poor physical condition." The court concluded that Appellee had a need and Appellant had an ability to pay, and ordered Appellant to pay permanent periodic alimony in the amount of $1,250 per month.

*Analysis*

Appellant argues that the trial court abused its discretion, as the alimony award exceeded both Appellant's ability to pay and Appellee's need. We note that this was a marriage of thirty-six years, that Appellee was in poor physical condition and had minimal assets compared to Appellant, and that Appellant was earning more income per month. We therefore find that the trial

2

court did not abuse its discretion in finding that Appellee had a need and Appellant had an ability to pay. *See Gray v. Gray*, 103 So. 3d 962, 966 (Fla. 1st DCA 2012); *Askegard v. Askegard*, 584 So. 2d 47, 50 (Fla. 1st DCA 1991); *see also Herzog v. Herzog*, 346 So. 2d 56, 57 (Fla. 1977) (declaring that in divorce cases, it is not the function of the appellate court to re-evaluate the testimony and evidence).

Appellant also argues that the trial court erred in increasing Appellee's award to more than what was requested in her petition. We agree and modify the alimony award from $1,250 per month to $1,000 per month.

In *Ward v. Ward*, 364 So. 2d 815, 817 (Fla. 3d DCA 1978), the husband did not attend the hearing, and the trial court awarded the wife $125 per week in permanent periodic alimony, despite the wife only requesting $100 per week in her pleading. On appeal, the Third District modified the award to $100 per week "because the husband had a right to rely on the claim in the pleading . . . and there was no testimony before the chancellor requesting an amendment to the pleadings nor evidence which sought an amount in excess of that sought by the pleadings." *Id.* The Third District held:

> This opinion is not to be construed as preventing a chancellor (when a party fails to show up for a duly noticed final hearing) from entering an award which may be greater than that sought in the pleadings, but under the circumstances of the instant case (where there was nothing in the evidence to justify the increase in the periodic alimony from that sought in the pleadings) we think the husband had a right to rely on the pleadings and it was error for the chancellor to increase this amount.

*Id.*; *cf. Viscito v. Viscito*, 214 So. 3d 736, 739 (Fla. 3d DCA 2017) (holding that the husband was "confined by his pleadings to a claim for permanent periodic alimony" and could not demand another form not prayed for in the pleadings).

Here, in her amended petition for dissolution, Appellee requested $1,000 in permanent periodic alimony, yet the Final Judgment awarded her an amount in excess of the requested amount. Although Appellant, unlike the husband in *Ward*, attended the final hearing and presented evidence on his behalf, Appellee never asked to amend her petition to seek a higher amount. She described having higher expenses, but she did not ask the court to award her anything greater than what she sought in her pleading, and she never suggested that $1,000 per month would not suffice. *See Ward*, 364 So. 2d at 817.

Moreover, the evidence presented at the final hearing did not justify an award greater than that sought in the pleadings. Although Appellee began incurring higher expenses in the two years since she filed her financial affidavit, the trial court found that her monthly need at the time of dissolution was $1,694, an amount only $79.18 greater than the expenses she declared in 2015; however, her monthly net income had increased $664 since 2015. Appellee's changed circumstances therefore resulted in a net *increase* of $584.82 per month since the filing of the petition and financial affidavit. We hold that the trial court erred in awarding alimony in excess of what Appellee requested in her petition, as Appellee was in a better position than at the time she filed her pleadings.

Accordingly, we affirm the final judgment, but remand for the trial court to reduce the periodic alimony award provided in the final order from $1,250 per month to $1,000 per month.

AFFIRMED but REMANDED for modification.

B.L. THOMAS, C.J., and KELSEY and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

4

David P. Grigaltchik and Boris Galustov of Grigaltchik & Galustov, P.A., Jacksonville, for Appellant.

Tonia Lizzmore, pro se, Appellee.