RAWLS, Acting Chief Judge.
Defendant husband, by this appeal in a divorce case, seeks review of monetary awards contained in the final judgment. The contentions of defendant may be summarized by quoting the following aphorism stated in his brief, viz.: “ * * * the judgment passes a sentence of death upon the goose that lays the golden eggs.” We agree and reverse.
By her complaint, plaintiff sought a divorce from defendant; custody of three minor children, ages 18, 16 and 14; child support; alimony; attorney’s fees; conveyance to her of the marital home held as an estate by the entirety; 100 shares of Ideal Basic Industries, Inc. stock; and 100 shares of National Distillers stock. The final judgment of divorce in favor of plaintiff contained the following findings and conclusions:
“7. The plaintiff proved the allegations of the Complaint in that defendant has embarrassed, humiliated and emotionally harmed the plaintiff by his conduct in the presence of the plaintiff and her friends, and by consorting with other women in adulterous situations, taking trips about the State of Florida and other states and staying in the same motels under questionable circumstances, as well as escorting another woman about the same community where the parties reside in an open and brazen manner, knowing the plaintiff would learn of this, all to plaintiff’s additional anguish and humiliation; the defendant is guilty of extreme cruelty for such conduct, all without excuse or justification.
“8. The plaintiff and defendant entered their marriage relationship with financial assistance from the parents of the plaintiff, and that certain gifts were made to the plaintiff and defendant jointly by the parents of the plaintiff, and that the defendant disposed of a portion of these joint gifts and utilized the proceeds in other financial ventures, all to his personal financial success, amassing over the years considerable wealth in real property and stocks in various corporate entities, as well as his principal business, being Royal Crown Art Gallery; all of this wealth being maintained in the defendant’s own individual name, with the exception of the marital home which was placed in the names of both parties as an estate by the entireties, all the while the plaintiff ably demonstrated her ability in maintaining the home, raising the children and providing a proper homelife for the defendant, as a housewife. Further, the defendant has demonstrated a remarkable ability in his business ventures, as well as the fact that most of his investments are of a complex nature and widely diversified.”
After reciting the foregoing findings, the trial judge ordered defendant, inter alia, to:
1. Pay $200.00 per week to plaintiff as support for two of the minor children, 16 and 14 years of age.
2. The 18 year old son, who was in college, to be supported directly by defendant.
3. Convey to plaintiff his interest in the marital home which was vested in the parties in an estate by the entireties.
4. Pay lump sum alimony of $125,000.00 to plaintiff at the rate of $1,500.00 per month. (A lien was placed upon almost all of the assets of defendant to secure payment.)
5. Pay plaintiff’s attorney a fee of $10,000.00.
A full review of this record reveals that defendant’s net worth did not exceed $103,000.00 at the time the judgment was entered. The record equally reveals that defendant possessed the ability to live and maintain himself in a “play boy” life style. *904 However, the record does not support taking the hide of the sheep when shearing him. To further belabor the factual circumstances in this record would be of no precedential value. (See Zuidhof v. Zuidhof, 242 So.2d 739, Fla.App.4th 1971.) We are persuaded that portions of the final judgment pertaining to property rights, alimony, child support and attorney’s fees, awarded by the trial judge, constituted an abuse of discretion on his part.
The judgment appealed is reversed and remanded with directions to the trial judge to amend same in the following respects:
1. Delete the provision directing defendant to convey the home of the parties to the plaintiff.
2. Child support to be reduced to $150.-00 per week for the two younger children.
3. Award plaintiff periodic alimony in the sum of $50.00 per week.
4. Lump sum alimony be reduced to $62,500.00, payable $750.00 per month.
5. Fee for plaintiff’s attorneys for trial of cause is reduced from $10,000.00[1] to $5,000.00. The sum of $2,500.00 is awarded for plaintiff’s attorney’s services rendered on this appeal.
6. Release of lien recited in final judgment be provided for upon defendant’s posting cash or an acceptable bond approved by the clerk of the trial court in the amount of $50,000.00.
Reversed and remanded, with directions as hereinabove set forth.
WIGGINTON and SPECTOR, JJ., concur.

I. Examples of testimony in support of the $10,000.00 attorney’s fee are as follows:
“ * * * the services which I have actually rendered to my client.”
“The value involved in this matter and the result obtained * * * ”
“ * * * the end result achieved there in my opinion was tremendous for the wife.”
“ * * * a tremendous job in getting Mrs. Maxwell the amount of money that you have gotten her.”
Inasmuch as the result is reduced, the fee likewise is reduced.