GRIMES, Chief Judge.
The husband raises several points in his appeal from a judgment of dissolution. The only point of merit involves his contention that the court erred in awarding the jointly owned marital home and the furnishings therein to the wife as lump sum alimony.
The wife was able to obtain fulltime employment after suit was filed, and the husband’s income as a contractor is subject to substantial fluctuations because of the volatile nature of the building industry. Nevertheless, the record supports the conclusion that in view of the parties’ prior standard of living the wife had the need for a modest amount of alimony, and the husband had the ability to pay it. We can understand why the judge preferred to grant no permanent alimony and simply award to the wife the husband’s interest in the home as lump sum alimony, thereby avoiding the possibility of subsequent disputes over the support of the wife. The only problem is that the record fails to reflect the positive showing of the necessity for lump sum alimony on the wife’s part which recent supreme court decisions have held to be a prerequisite for such an award. Meridith v. Meridith, 366 So.2d 425 (Fla.1978); Cummings v. Cummings, 330 So.2d 134 (FIa.1976).
Accordingly, we vacate the award of lump sum alimony with directions to the trial court to grant to the wife the use and occupancy of the marital home until all the parties’ children reach their majority. The court should make such provisions for the mortgage, insurance, taxes and related expenses as may be equitable. At the same time the court may revisit the issue of permanent alimony since our opinion has thwarted the award of lump sum alimony. *51 In all other respects, we affirm the judgment.
BOARDMAN, J., and ULMER, RAY E., Jr., Associate Judge, concur.