PER CURIAM.
In the final judgment of dissolution of marriage the trial court awarded the wife 43 acres and the marital home, which were held as a tenancy by the entireties, and household furnishings as lump sum alimony. We affirm.
Appellant urges that under this Court’s ruling in Cornelius v. Cornelius, 382 So.2d 710 (Fla. 1st DCA 1979), the award could not be alimony unless it was based on one spouse’s needs and the other spouse’s ability to pay. We hereby recede from that portion of the opinion in Cornelius which receded from the earlier ruling in Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), cert. dismissed, 307 So.2d 186 (Fla.1975). In Cornelius, having noted that alimony was a creature of statute, we asserted:
“Brown represents an eloquent recognition of the homemaker’s contributions to the marital home. It must be rejected, however, as an unacceptable deviation from that which we understand to be the traditional equation by which all alimony is measured. Until the legislature sets aside that equation, we have no choice other than to follow it.” (382 So.2d at 715).
What the Court overlooked and what the parties failed to call to the Court’s attention in briefs, oral argument, and the petition for rehearing was that the legislature had acted and had changed that equation in Chapter 78-339,1978 Fla. Laws, codified at 61.08(2), Florida Statutes (1978). That statute provides as follows:
“(2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of both parties.
(d) The financial resources of each party.
(e) Where applicable, the time necessary for either party to acquire sufficient education or training to enable him or her to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education and career building of the other party.
The court may consider any other factor necessary to do equity and justice between the parties.”
By the time the Court took note of Chapter 78-339, it had lost jurisdiction of Cornelius to the Supreme Court. We welcome the opportunity to revisit the issue and to correct our earlier oversight.
In view of § 61.08(2), we find that the trial court did not abuse its discretion in the award of the acreage, the home, and the household furnishings. The other issues raised by appellant are without merit.
AFFIRMED.
MILLS, C. J., and McCORD and BOOTH, JJ., concur.