PER CURIAM.
The husband appeals the award (as lump sum alimony) of his one-half interest in the marital home of the parties and also the award of permanent alimony to the wife.
As to the lump sum award of the home, we affirm. See the conclusion and opinion expressed on motion for rehearing in MacDonald v. MacDonald, 382 So.2d 50 (Fla. 2d DCA 1980), wherein the Second District Court of Appeal said, in referring to the opinion of the Supreme Court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980):

“. . . while not referring to the cases by name . . . clearly tempered the requirement of a positive showing of necessity for lump sum alimony [with respect to the award of the husband’s interest in the marital home] which it announced in Meridith v. Meri-dith, 366 So.2d 425 (Fla.1978), and Cummings v. Cummings, 330 So.2d 134 (Fla. 1976) . . .”

See also the discussions of Canakaris in our opinions in Cuevas v. Cuevas, 381 So.2d 731 (Fla. 3d DCA 1980), and Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980).
As to the award of permanent alimony, we also affirm. In light of the 31-year duration of the marriage, the age of the wife upon dissolution, the nominal amount of the award, to wit: $40.00 per month, the ability of the husband to pay said nominal award and the needs of the wife, we cannot say the trial judge abused his discretion in entering an award for permanent alimony. Therefore, we are required to affirm that award. Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Rosenberg v. Rosenberg, 371 So.2d 672 (Fla.1979) adopting Judge Hubbart’s dissent in Rosenberg v. Rosenberg, 352 So.2d 867 (Fla. 3d DCA 1977).
Affirmed.