383 So.2d 1143 (1980)
Michael E. LEWIS, Appellant,
v.
Linda F. LEWIS, Appellee.
No. 78-1305.
District Court of Appeal of Florida, Fourth District.
May 21, 1980.
*1144 Larry Klein and Albert T. Sims, West Palm Beach, for appellant.
Robert V. Romani of Farish & Farish, West Palm Beach, for appellee.
DOWNEY, Judge.
The appellant seeks review of a final judgment of dissolution of marriage.
As a result of this twelve year marriage the parties had three children who were minors at the time of the final judgment. Both parties are college graduates. The wife was working as a part time teacher earning $154.00 every two weeks. The husband was employed by the State, earning $214.00 every week. During the course of the marriage the parties had acquired two pieces of jointly held residential real estate known as the "Pine Knob" and "West End" properties. The former is valued at approximately $24,000 net and the latter is approximately $18,000 net.
In the final judgment the court a) awarded custody of the three children to the wife together with $325 per month child support, b) required the husband to pay medical and dental expenses for the children, c) ordered the husband to maintain a $10,000 life insurance policy with the children named as irrevocable beneficiaries until they reach 18 years, marry, die or otherwise become self supporting, d) awarded the wife the Pine Knob property as lump sum alimony, e) ordered the husband to convey his interest in a Maverick automobile to the wife, f) ordered the West End property sold and the proceeds divided 60% to the husband and 40% to the wife, g) awarded the wife $3,000 attorneys fees and $300 costs. The husband contends it was error to award the wife the Pine Knob property as lump sum alimony, the Maverick automobile and attorneys fees. By cross appeal the wife assigns as error the 60/40 division of the proceeds of the West End property.
The Florida Supreme Court recently endeavored to bring some stability to the area of law dealing with alimony and the disposition of property in marriage dissolution cases. Canakaris v. Canakaris, 382 So.2d 1197, Fla. 1980, involves a reexamination of the criteria and standards guiding the courts in a determination to award a particular form of alimony, be it lump sum, permanent, periodic or rehabilitative. There are indicators in Canakaris that many of the old strictures applied to alimony in general and lump sum alimony in particular, developed in the cases over the past several decades, have been either relaxed or eliminated.[1] However, it is difficult to determine the extent to which the Court intended to go in this effort to clarify the law. With regard to lump sum alimony, the Court did not expressly recede from Cummings[2] and Meridith[3], and yet, if this decision was intended to relax the rules applicable *1145 to lump sum alimony, the requirement that there be some positive necessity to justify such an award would no longer seem applicable.
In any event, we feel confident that the award of the Pine Knob property to the wife as lump sum alimony can be supported by either a liberal or conservative interpretation of Canakaris. Interpreting the decision in a most restrictive or conservative manner, we find in the record of this case the positive necessity for resorting to the lump sum award. The facts of this case clearly demonstrate the wife's need for alimony. The husband, however, is not in a position to pay periodic or rehabilitative alimony as he earns only $214 per week. Simple arithmetic shows that after paying $325 per month in child support and meeting the other financial obligations imposed upon the husband by the final judgment, such as medical and dental expenses, insurance premiums, payment of debts, and attorneys fees, there is little enough left for alimony, let alone his own living expenses. On the other hand, he owns an undivided one-half interest in the Pine Knob property, which could be used to meet that alimony need. Under these circumstances appellant's inability to meet his alimony responsibilities in any other way than through the lump sum variety constitutes the special circumstances necessary to support such an award.
Approaching the question from a more liberal view of Canakaris (a view we believe more nearly reflects the rationale of the decision) and reviewing the remedies utilized by the trial court as a whole rather than independently, we find the lump sum award is equitable and just. There is logic and justification for the result so that the trial judge's exercise of his discretion passes the test.
Appellant suggests that the award of attorneys fees to the wife was error, primarily because she will ultimately have approximately $8,000 from the sale of the West End property. However, considering all of the circumstances of the parties, it would appear that the wife does not have the same ability to secure competent legal counsel as does the husband. In addition, as appellee contends, it may be the trial court felt a great deal of the work required to earn the attorneys fees was unnecessarily caused by the husband. In any event, as the court stated in Canakaris:
It is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees. Given the complexity of the cause and the time necessary to appropriately resolve the issues, the award of attorney's fees in this case was proper to avoid an inequitable diminution of the fiscal sums granted the wife in these proceedings. 382 So.2d at 1205.
Finally, the appellant contends there is nothing "fair and equitable" about awarding to the wife the jointly owned car she operated during the marriage, while leaving the car used by the husband titled jointly. Oddly enough, in Blum, supra, the trial judge did exactly that and the Third District reversed, finding such a division "unfair and inequitable". The Blum court recognized that disposing of the automobiles, one to her and one to him under the circumstances of that case, was tantamount to a lump sum alimony award both ways, from husband to wife and wife to husband. Case law pre-dating Canakaris has condemned such a practice; however, the Third District's liberal interpretation of Canakaris was relied upon for the authority to make such a property disposition, no doubt, "as part of an equitable distribution of the property to the parties".
By cross appeal the appellee complains of the award to the husband of 60% of the proceeds from the sale of the West End property. We find that decision is supported by proof that the down payment came from a loan to the husband from his parents. The wife contests this claim but the trial court apparently believed the husband. The division of the proceeds is the only point raised on the cross appeal. No complaint is made regarding the order that *1146 the property be sold. Accordingly, we find no error in this regard.
In view of the foregoing, the judgment appealed from is affirmed in all respects except that the failure to award the LTD automobile to the husband is reversed. On remand that automobile should be awarded to the husband.
AFFIRMED IN PART; REVERSED IN PART, and remanded with directions.
LETTS, C.J., and ANSTEAD, J., concur.
NOTES
[1] See Judge Alan Schwartz's opinion in Blum v. Blum, 382 So.2d 52, Fla. 3d DCA 1980.
[2] Cummings v. Cummings, 330 So.2d 134 (Fla. 1976).
[3] Meridith v. Meridith, 366 So.2d 425 (Fla. 1978).