DOWNEY, Judge.
Appellant husband appeals from a final judgment of dissolution of marriage.
The parties, age 36, had two minor children at the time of the dissolution. Their marital residence was jointly owned, subject to a mortgage of $23,366.21 and worth, according to the husband’s estimation, approximately $90,000 to $125,000. In addition, they jointly owned 75 shares of A.T. & T. stock valued at approximately $7,500.
The wife has a college degree in education and at the time of the dissolution was earning $250 per week. She was not, however, employed for the greater portion of the marriage.
The husband operates a gasoline service station from which the trial court found he earns an annual income somewhere in the vicinity of $16,500. He also receives $6,590 in dividends from stock worth approximately $85,000 net. In addition, the husband owns a business with a book value of. $41,-000. By way of inheritance the husband received a number of paintings and other works of art which were kept in the marital home.
During the course of the marriage the husband’s mother gave him a diamond ring for his second daughter. The husband allowed the wife to wear the ring. The wife testified he gave it to her to wear until the child reached 21 years of age and later told her it was hers to keep.
The final judgment awarded custody of the children to the wife, $80 per week child support, plus medical and dental care for the youngsters. The wife was also awarded the marital home as lump sum alimony, the diamond ring, a Pinto automobile, and the paintings and other art objects in the home.
The husband contends the trial court erred in almost all of the decretal portions of the judgment.
Initially, the husband argues that the award of custody, to the wife was erroneous because the court did not adopt in its entirety the stipulation of the parties regarding custody. The stipulation that the wife have custody provided that she must live within a 50 mile radius of her present address. We have considered appellant’s position regarding this point and fail to find error demonstrated. The matter of custody is a continuing consideration of the court and if appellant feels the best interest of the children requires a modification of the judgment, then he should apply therefor.
There is a conflict in the testimony about the ownership of the diamond ring. The court resolved that against appellant. However, there is no support in the record for a finding that all of appellant’s paint *1143 ings, most of which he inherited from his father, belonged to the wife and we see no reason for transferring them to her.
Finally, the husband contends the award of the marital home as lump sum alimony was error. There were numerous cases existent at the time appellant wrote his brief which would support his contention that this award of lump sum alimony was improper.[1] However, since the advent of Canakaris v. Canakaris, 382 So.2d 1197, the disposition of the property as lump sum alimony must be examined in a different light.
In any determination to award alimony, regardless of its character, there must be demonstrated a need on the part of the recipient spouse as well as the ability of the other spouse to satisfy that need. Once this need and ability have been established the court must next consider the type of alimony most appropriate under the circumstances of each case. A decision to award lump sum alimony must be governed by two factors set forth in Canakaris, supra:
(1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status. 382 So.2d at 1197.
The second factor being self explanatory, we turn our attention to the first, the “justification” necessary for a lump sum award. As expressed in Canakaris, supra, this justification is not synonymous with some rigid standard carefully delineating the circumstances in which such an award is proper. Canakaris disavowed this narrowly structured approach while admonishing the courts to “avoid establishing inflexible rules that make the achievement of equity between the parties difficult, if not impossible”. 382 So.2d at 1197. This is not to say that the trial judge has unbridled discretion to award lump sum alimony, but rather that he must be “guided by all relevant circumstances to ensure ‘equity and justice between the parties’ ”.
Applying the foregoing test to the facts herein, we find the lump sum award of the marital home is both equitable and just under the circumstances of this case.
Accordingly, we affirm the judgment in all respects except as to the paintings which appellant inherited from his father. Those paintings should be awarded to appellant.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED with directions to modify as hereinabove directed.
LETTS, C. J., and BERANEK, J., concur.

. Meridith v. Meridith, 366 So.2d 425 (Fla.1978); Cummings v. Cummings, 330 So.2d 134 (Fla.1976); Simpson v. Simpson, 372 So.2d 526 (Fla. 4th DCA 1979).