PER CURIAM.
We find no error in the trial proceedings below, nor abuse of discretion in the challenged portions of the final judgment of dissolution which (a) awarded the wife the husband’s interest in the marital home as lump-sum alimony, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Hague v. Hague, 382 So.2d 852 (Fla. 3d DCA 1980), and cases cited; (b) fixed the amount of permanent periodic alimony, Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Shaw v. Shaw, 334 So.2d 13 (Fla.1976) and (c) provided for the payment of Ms. Seum’s attorney’s fees by Mr. Seum. Canakaris v. Canakaris, supra; Creel v. Creel, 378 So.2d 1251 (Fla. 3d DCA 1979). There are, however, no special circumstances presented in the record which justify the requirement that she be named the beneficiary of his life insurance policies. See Watterson v. Watterson, 353 So.2d 1185 (Fla. 1st DCA 1978); Blass v. Blass, 316 So.2d 308 (Fla. 3d DCA 1975). Upon remand, this provision shall be stricken from the judgment, which is otherwise affirmed.
Affirmed in part, reversed in part.