386 So.2d 1268 (1980)
Gene ROSEN, Appellant,
v.
Eileen ROSEN, Appellee.
No. 79-2321.
District Court of Appeal of Florida, Third District.
August 5, 1980.
Rehearing Denied September 16, 1980.
*1269 Frank E. Freemen, Miami, for appellant.
*1270 Leff, Pesetsky & Zack and Walter S. Pesetsky, North Miami Beach, for appellee.
Before BARKDULL, SCHWARTZ and NESBITT, JJ.
SCHWARTZ, Judge.
The primary issue in this case concerns the propriety of awards of the marital home of the parties and $125,000 in cash to the wife as lump sum alimony. We are thus required once more to assess the impact and effect on this question of the landmark decision in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We conclude that the award of the home is justified by the rationale of that decision but that the same is not true of the money award, since it requires a distribution of the husband's personal funds which were not obtained through the efforts of either party during the marriage.
Gene and Eileen Rosen were married in 1970 when they were 25 and 21 years of age. They had two girls, who were five and three when the marriage was dissolved in November, 1979. Mr. Rosen is an attorney who had apparently deliberately limited his practice, from which he earns $15,000 to $20,000 a year. The larger portion of his income, which totals about $60,000 a year, is secured from interest on $500,000-$600,000 in individually owned liquid assets derived from an inheritance from his grandfather and personal gifts by his father. Although Mrs. Rosen has teaching experience and a master's degree in elementary education, she has worked very little since the marriage and has devoted almost all of her time to her duties as a homemaker and mother. There was also evidence that she was hampered by medical problems and by psychological difficulties arising from the breakup of the marriage. At the time of the dissolution, she owned stocks, bonds and jewelry worth about $20,000 and had an individual net worth of somewhat less than that. The Rosens owned their family home, valued at $138,000 with a mortgage of $40,000, as tenants by the entireties.
Early in the proceedings, which involved Mr. Rosen's petition and Mrs. Rosen's counter-petition for dissolution, they agreed that she should have custody of the children, and he, reasonable visitation. Thereafter, the marital controversy typically concerned only money. At its conclusion, the trial court determined, as to the aspects of the case now in dispute:
(1) On the alimony question the court stated, "The wife has a need for alimony. Since she is highly educated and holds a Master's degree in Education, she does not need rehabilitative alimony. The Husband has substantial liquid assets which are available for a lump sum alimony award. Investment by the Wife should result in income sufficient to obviate the necessity for permanent or periodic alimony." Pursuant to this finding, no periodic alimony was provided, but the husband's interest in the home[1] and $125,000 in cash were awarded as lump sum alimony.
(2) Mr. Rosen had made a gift to his wife of a $25,000 savings and loan account for which he was ordered to reimburse her.
(3) The husband was required to pay child support of $100 per week per child, plus all medical and dental expenses.
(4) The court found that $45,000 was a "fair and reasonable" fee for the wife's attorneys, of which Mr. Rosen was required to pay $25,000.[2]
*1271 The husband appeals from these aspects of the final judgment. We affirm in part, reverse in part, and remand for further proceedings.
Rosen's primary contention is that the lump sum awards are erroneous. In this regard, he does not, nor could he claim that the prerequisites for granting alimony in some form  need and ability to pay  do not exist. See Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976); Costich v. Costich, 383 So.2d 1141 (Fla.4th DCA 1980). He argues, however, that the lump sum awards are inappropriate under the applicable law. In testing the validity of this argument we apply the basic principle that, as stated in Yandell v. Yandell, 39 So.2d 554, 556 (Fla. 1949):
ordinarily the better practice is to direct periodic payments of permanent alimony and a lump award should be made only in those instances where some special equities might require it or make it advisable ....
As evidenced by the quotation of most of this passage with approval in the Canakaris opinion at 382 So.2d 1201, the general rule favoring periodic over lump sum alimony remains viable in our state. This is so despite the facts that Canakaris also disapproved the use of the term "special equity" in this context and, much more important, that it very significantly expanded the range of circumstances under which lump sum may be justified, either instead of, or in addition to, a periodic provision. Under the now-controlling Canakaris rule, lump sum alimony is permissible, in the discretion of the trial court, when
the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status. 382 So.2d at 1201.
Since there is no question that the appellant's financial situation more than satisfies the second qualification, the only real issue before us is whether there is a "justification" for the lump sum awards made below. Insofar as the husband's interest in the marital domicile is concerned, we think that the subject matter of the award provides its own justification. The home was chosen by both parties for themselves and their children. It is where Mrs. Rosen has been living for several years and where she is entitled to continue to live with the girls in the future. We cannot therefore hold that the trial court abused its discretion in ordering that title to the residence be transferred to her. In common with every post-Canakaris case which has considered the issue, and with Canakaris itself, we thus affirm the award of the husband's interest in the home to the wife.[3]Seum v. Seum, 384 So.2d 223 (Fla.3d DCA 1980); Lewis v. Lewis, 383 So.2d 1143 (Fla.4th DCA 1980); Costich v. Costich, supra; Hague v. Hague, 382 So.2d 852 (Fla.3d DCA 1980); MacDonald v. MacDonald, 382 So.2d 50 (Fla.2d DCA 1980); see also Creel v. Creel, 378 So.2d 1251 (Fla.3d DCA 1979).
We reach the opposite conclusion with respect to the $125,000 cash payment. There is no cognizable "justification"  that is to say, no "good reason" or useful purpose  which can sustain this award. The primary non-semantic effect of the Canakaris decision was to adopt the holdings of Brown v. Brown, 300 So.2d 719 (Fla.1st DCA 1974), cert. dismissed, 307 So.2d 186 (Fla. 1975), (a) that the contributions of the wife to the marital partnership as a mother and homemaker should be given recognition equal to the money-earning activities of the husband, and (b) that these contributions of the wife may be recompensed by lump sum alimony. In essence, her domestic efforts have been made the equivalent, for lump sum purposes, of the financial considerations referred to in the Yandell case as arising "where the wife may have brought *1272 to the marriage, or assisted her husband[4] in accumulating, property." 39 So.2d at 556. None of these "justifications" exist in this case, in which the husband's liquid assets were indisputably willed or given to him by his family and were neither earned through activities he engaged in while his wife did her part by staying at home, nor contributed to by Mrs. Rosen in any more concrete fashion.
Nor do any of the other recognized bases for a lump sum payment apply. Since the Rosens have small children whose interests will require contact between them for years to come, a lump sum award would not accomplish the sometimes salutary purpose of putting a definite end to the relationship and "thereby avoid vexatious and possibly endless litigation." Yandell, supra, 39 So.2d at 557. Compare also, Goode v. Goode, 76 So.2d 794 (Fla. 1954); Bradley v. Bradley, 327 So.2d 253 (Fla. 4th DCA 1976). The Rosens are both young and Mr. Rosen is in good health. Thus, lump sum is not necessary to provide the wife with vested security against her ex-husband's possible early demise or disability, as was the case in, for example, Storer v. Storer, 353 So.2d 152 (Fla.3d DCA 1977), cert. denied, 360 So.2d 1250 (Fla. 1978).[5] See also, Stith v. Stith, 384 So.2d 317, 319 (Fla.2d DCA 1980), and cases cited. Finally, there is no showing, as in Lewis v. Lewis, supra, that the husband will be unable to make periodic payments,[6] nor any indication that Mrs. Rosen has a particularized need for a cash award either, again for example, to make required expenditures, see Creel v. Creel, supra, or to get her out of debt. See Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); Adams v. Adams, 376 So.2d 1204 (Fla.3d DCA 1979). All that remains to support the requirement of a $125,000 payment, therefore, is that Mr. Rosen has, as the trial judge ruled, the means with which to meet it. As Canakaris itself clearly shows, while such an ability is a required condition to making a lump sum award, it is not, standing alone, sufficient to support it. We are mindful of the admonition in Canakaris to "avoid establishing inflexible rules that make the achievement of equity between the parties difficult, if not impossible." 382 So.2d at 1200. But we also agree with Judge Downey's interpretation of this comment in Costich v. Costich, 383 So.2d at 1143:
"This is not to say that the trial judge has unbridled discretion to award lump sum alimony, but rather that he must be `guided by all relevant circumstances to ensure equity and justice between the parties'".
In this case, we are unable to discern any "relevant circumstance" whatever which serves to support the $125,000 lump sum provision. Hence, that award is vacated. Cf. Stith v. Stith, supra. Because, however, as has already been emphasized, there is error only in the form of the alimony provided below, we remand the cause for an award of periodic alimony.[7] See also, Genoe v. Genoe, 373 So.2d 940 (Fla.4th DCA 1979). The amount, character, and duration of those payments are matters initially for the discretion of the trial court.[8]Canakaris v. Canakaris, supra; Rosenberg v. Rosenberg, 371 So.2d 672 (Fla. 1979); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
*1273 The husband's other appellate complaints require little discussion. The trial judge's finding that Rosen made a $25,000 gift to his then-wife is supported by the testimony that he opened an account in that amount in her name alone and that she withdrew it and gave the proceeds to him only upon his unfulfilled promise to open another account, also in her name, at higher interest. See, Ball v. Ball, supra; Marti v. Marti, 377 So.2d 1005 (Fla.3d DCA 1979); Laws v. Laws, 364 So.2d 798 (Fla.4th DCA 1978); see also, Bullard v. Bullard, 380 So.2d 1090 (Fla.3d DCA 1980). We similarly find no error or abuse of discretion in the amounts provided for child support. Shaw v. Shaw, supra; Adams v. Adams, supra. These aspects of the judgment are therefore affirmed.
In the light of our holding on the lump sum question, we set aside the award of $25,000 in attorney's fees. It is obvious that this amount was largely  and appropriately  based upon the results achieved below by the wife's counsel. Snider v. Snider, 375 So.2d 591 (Fla.3d DCA 1979); State, Department of Natural Resources v. Gables-By-The Sea, Inc., 374 So.2d 582 (Fla.3d DCA 1979). Since we have reversed a large portion of those benefits, it is therefore required that upon remand, the pre-final judgment fees be reduced commensurately. E.g., Hirsch v. Hirsch, 369 So.2d 407 (Fla.3d DCA 1979) and cases cited; cf. Maxwell v. Maxwell, 251 So.2d 902 (Fla.1st DCA 1971).
The wife has filed a motion for an award of attorney's fees for services rendered in this court. The motion is granted. Particularly because there must be further proceedings in the trial court in any event, including consideration of other attorney's fee issues,[9] we direct, as permitted by Fla. R.App.P. 9.400(b), that the lower tribunal also assess the amount of appellate fees to which the wife is entitled.
The judgment below is affirmed with the exceptions of the $125,000 lump sum and the $25,000 fee awards. As to these matters, the judgment is reversed and the cause is remanded with directions to proceed in accordance with the views expressed in this opinion.
Affirmed in part, reversed in part and remanded.
NOTES
[1] The court also found that Mr. Rosen had not sustained his claim to a special equity in Mrs. Rosen's interest in the residence.
[2] The basis for this decision was stated as follows:

"The Husband, by the institution of this action, has necessitated the Wife to employ counsel. The trauma of the litigation caused the Wife's counsel to expend unnecessary time in the defense of the Husband's claims, as well as prosecution of Wife's claims. The Husband should bear the cost of part of the fees sought by the Wife's counsel, but only that portion reasonably incurred. The Court, having heard expert testimony, finds that $45,000.00 is a fair and reasonable fee to be paid to the wife's attorneys, of which $25,000.00 should be paid by the Husband as his contribution."
[3] Because of this holding we need not separately consider Rosen's claim that he was entitled to a "special equity" in his wife's interest in the home. See note 1 supra. In view of the conflicting evidence as to the motivations involved in taking title to the property by the entireties, however, it is at the least highly doubtful that the lower court could be held in error in ruling to the contrary. Ball v. Ball, 335 So.2d 5 (Fla. 1976).
[4] Presumably by her efforts in the husband's business or professional activities.
[5] The Storer court also emphasized the factor that there were no children of the marriage and thus no necessity for a continuing relationship after the dissolution.
[6] Of course, the husband's family-derived assets must be taken into account in determining his ability to pay periodic or, if otherwise appropriate, lump sum alimony. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972).
[7] The trial court may take further testimony on these issues, if deemed advisable.
[8] Unlike the lump sum award, of course, periodic alimony is subject to termination because of the wife's remarriage or the death of either party. Canakaris v. Canakaris, supra; Adams v. Adams, supra. It may also be modified under Section 61.14, Florida Statutes (1979). By successfully challenging the lump sum award, Rosen has taken the chance that any such modification may be upward. See Powell v. Powell, 386 So.2d 1214 (Fla.3d DCA 1980).
[9] The wife may also seek fees for the additional services in the trial court required by this opinion.