396 So.2d 806 (1981)
Leonard H. SCHWARTZ, Appellant,
v.
Carol SCHWARTZ, Appellee.
Nos. 79-2361, 80-250.
District Court of Appeal of Florida, Third District.
April 7, 1981.
Rehearing Denied May 1, 1981.
Horton, Perse & Ginsberg and Mallory H. Horton, Eleanor Levingston Schockett, Miami, for appellant.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul A. Louis and Ted H. Bartelstone, Miami, for appellee.
*807 Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
These appeals and cross-appeals are from a final judgment of dissolution of a marriage which, in pertinent provisions, grants the wife a thirty-per cent interest in the vacation home, (2) denies wife the husband's interest in the marital home, (3) awards child support, (4) grants lump-sum alimony to be paid over a period of time, (5) awards wife one-half of her attorney's fees and costs.
The consideration for the vacation home was supplied by the husband from sources unconnected with the marital relationship. The wife's claim for a special equity is based on a showing of performance of normal household duties insufficient to support the award. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Fiedler v. Fiedler, 375 So.2d 1119 (Fla. 2d DCA 1979). We find that the award is within the court's discretion, however, as lump-sum alimony based on the equities of the case. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In Canakaris, supra, the court held that lump-sum alimony is permissible, in the discretion of the trial court when the evidence reflects (1) a justification for such lump-sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status. Id. at 1201. Here there is no question of financial ability. The vacation home was purchased as a special home for the family, and the wife contributed substantial labor and services to making the vacation home suitable for family life. Under the total circumstances of this case, we cannot hold that the trial court abused its discretion in ordering a thirty-per cent interest in the vacation home be awarded to the wife. See, e.g., Canakaris, supra, Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980). See also McCall v. McCall, 386 So.2d 275 (Fla. 2d DCA 1980) and Collinsworth v. Collinsworth, 386 So.2d 570 (Fla. 1st DCA 1980).
We reach the opposite conclusion with respect to the $300,000 cash payment. Rosen v. Rosen, supra. Like Rosen, supra, the husband's assets were willed or given to him by his family and neither earned by him nor contributed to by the wife, there are small children precluding a definite end to the relationship, there is no indication that the lump sum is necessary to provide the wife with vested security against the ex-husband's possible demise, nor is there any showing that the husband will be unable to make periodic payments. We are unable to justify the $300,000 lump-sum provision and remand the cause for an award of periodic alimony. Canakaris v. Canakaris, supra; Yandell v. Yandell, 39 So.2d 554 (Fla. 1949); Rosen v. Rosen, supra.
We find no error in the award of child support and in denying the wife the husband's interest in the jointly owned marital home as partial lump-sum alimony.
Because we reverse the award of $300,000 lump-sum alimony, we set aside the award of attorney's fees and remand for reconsideration of permanent periodic alimony and attorney's fees.
Affirmed in part, reversed in part, and remanded.