396 So.2d 1185 (1981)
George G. VANDERSLICE, Appellant,
v.
Carolyn D. VANDERSLICE, Appellee.
No. 78-2616.
District Court of Appeal of Florida, Fourth District.
April 15, 1981.
*1186 Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellant.
J. Kaylor Young, Fort Lauderdale, for appellee.
MOORE, Judge.
The husband appeals from a final judgment of dissolution of marriage which expressly provided, inter alia, (1) that the husband's interest in the marital home and a one-half interest in his boat and motorcycle, be awarded to the wife as lump sum alimony, and (2) that the court reserved jurisdiction to determine the appropriate amount of attorneys fees to be awarded the wife. The final judgment explicitly rejected the husband's claim of a special equity in the marital home. We affirm the final judgment in all respects.
The wife is 42 years of age and is employed at a private school, ostensibly as a teacher. Her net monthly income is $699.02, although she occasionally received between $30.00 and $40.00 a week from special tutoring. Since the parties' separation in April, 1976, the wife has been the basic source of support for the parties' three children, ages 15, 13 and 10. During the duration of the separation, the wife has paid the carrying charges on the marital home, and as a result thereof, she has incurred considerable indebtedness. Her only assets consisted of her one-half interest in the marital home and about $1,400 in other personal property. While presently in fair health, the wife has undergone five surgical operations during the course of the marriage.
The husband is 39. His tax returns from 1972 to 1976 indicate an income ranging from $13,500 in 1972 to $5,000 in 1976. From April, 1976 until June, 1978, the husband was out of work and received approximately $12,000 in disability insurance payments and approximately $12,000 in workmen's compensation benefits. At the time of the final hearing, the workmen's compensation carrier had refused to continue further disability payments, but offered instead to settle the husband's claim. At the final hearing a court appointed doctor testified that the husband has no permanent disability and can resume employment. During the one year period of separation immediately prior to the final hearing, the husband contributed only $250.00 toward the support of the wife and the three minor children. The husband currently resides with a lady friend and her three minor children, and contributes, at least to some degree, to the support of that household. At the time of the final hearing, the husband's assets consisted primarily of his interest in the marital domicile, some antiques from his mother's estate, two boats and two motorcycles.
The husband contends that the trial court erred in awarding the husband's interest in the marital domicile, and the one-half interest in the boat and motorcycle as lump sum alimony. We disagree for the following reasons: the husband can pay the lump sum award without imposing an undue burden upon him; the wife has a need for the award to sustain a modest standard of living in the future; in fact, the award is necessary to insure her bare security; the marriage was of seventeen years duration; during the marriage, the wife contributed as a housewife and a mother in addition to her outside employment; the wife's current health status is questionable in comparison to the husband's; and the husband abandoned his duties as a provider during the term of their legal separation, while the wife dutifully sustained the needs of the household. See, McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977). We are not prepared to say that reasonable minds could not differ as to the propriety of the trial court's action in this regard. The trial court did not abuse its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). See also, Lewis v. Lewis, 383 So.2d 1143 *1187 (Fla. 4th DCA 1980); Costich v. Costich, 383 So.2d 1141 (Fla. 4th DCA 1980).
We reject the husband's claim of a special equity in the marital domicile as there was substantial competent evidence to support the trial court's finding that no special equity existed.
We decline to review the propriety of the trial court's reservation of jurisdiction to enter an award of attorneys fees in favor of the wife. Since no such award has actually been entered, this issue is not ripe for our consideration. This holding, of course, in no way prejudices the husband's right to contest the validity of such an award, when, and if, an award of attorneys fees is eventually entered.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.