PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage wherein the wife was awarded custody of the parties’ two children and child support of $400 per month. The trial court also awarded the wife rehabilitative of $1,500 per month for 11 months, then reduced to $1,000 for 12 months, plus the parties’ Jaguar. The parties sold the marital home and split the proceeds.
At the time of the final hearing the parties had been married approximately 8 years. The husband was 30 and the wife was 29. Except for a period of approximately a year when the parties were first married, the wife did not work, both parties feeling it preferable that she remain home with the children. The wife suffers from a form of depression, but there was testimony that it was possible for her to hold some type of employment.
During the marriage, the parties enjoyed an upper middle class standard of living, due mostly to gifts and inheritances from the husband’s family which supplemented his salary as a marketing manager with Pepsi-Cola, Inc. These gifts and inheritances, by the wife’s admission, were responsible for virtually all of his net worth.
The appellant first contends that the trial court erred in not awarding her lump sum alimony and/or equitably distributing the assets acquired during the marriage. While we recently recognized equitable distribution of marital assets in Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982), we agree with the trial court that the case of Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980) is apt here. In Rosen, the husband’s liquid assets were indisputably willed or given to him by his family and were neither earned through activities he engaged in while his wife did her part by staying home, nor contributed to by Mrs. Rosen in any more concrete fashion. The Rosen court also noted that none of the other recognized bases for lump sum payment applied. Since they had small children whose interests would require contact between them for years to come, the lump sum could not accomplish the purpose of putting a definite end to the relationship. Nor was the lump sum necessary to provide the wife with vested security against her ex-husband’s possible early demise or disability since both parties were young and in good health. Also, there was no showing that the husband would be unable to make periodic payments, nor any indication that the wife had a particularized need for a cash award either to make required expenditures or to get her out of debt.
In the case before us, the Cundalls are similarly situated, and it cannot be said that the trial court abused its discretion in not awarding lump sum alimony or equitably distributing assets.
The wife’s other contentions are without merit as is the husband’s cross-claim disputing the award to the wife of her attorney’s fees. We affirm the attorney’s fee award because of the husband’s superior financial ability.
AFFIRMED.
LETTS, C.J., and HERSEY and DELL, JJ., concur.