475 So.2d 1250 (1985)
FLORIDA POWER AND LIGHT COMPANY, Etc., Appellant,
v.
Reinhold FLICHTBEIL, Etc., et al., Appellees.
No. 84-79.
District Court of Appeal of Florida, Fifth District.
August 8, 1985.
Rehearing Denied September 25, 1985.
Barry R. Davidson and John W. Little III, of Steel, Hector & Davis, Miami, for appellant.
Richard J. Geisert, Jacksonville, for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Florida Power and Light Company (FP & L) appeals from a final order as amended, awarding appellees, the Millers, attorney's fees and costs in a condemnation action. FP & L contends that the court abused its *1251 discretion in: (1) awarding the Millers' attorney $40,250 in attorney's fees, and (2) awarding the Millers' appraiser $25,740 in appraiser's fees.
The Millers' property was initially valued by FP & L's appraiser at $146,488, which was the amount FP & L offered to pay them. Joe C. Miller, part owner of several of the subject parcels and a Palatka attorney, appeared on behalf of the Millers. He moved to dismiss the declaration of taking, alleging that FP & L failed to properly describe and survey the Millers' property and further failed to make a good faith estimate of value. Attorney Miller retained Floyd, a Palatka real estate broker, to perform appraisal services. A two-day hearing was held in which the testimony of numerous witnesses was presented. Just before the hearing was set to reconvene, a settlement was reached whereby the Millers were paid $435,000 for their property. Attorney Miller then moved to assess attorney's fees and costs. In support of the motion, he alleged that he had spent one hundred fifty-one hours on the case.
At the hearing on the attorney's fees, David Foerster and Tyrie Boyer, Jacksonville attorneys practicing in the eminent domain field, testified for Miller. Foerster was of the opinion that a reasonable fee would be $50,000 to $60,000. Boyer opined that a reasonable fee would be somewhere between $60,000 and $72,000. FP & L's expert, Noah McKinnon, an eminent domain practictioner in Daytona Beach, testified that a reasonable fee would be between $17,500 and $22,500. The court awarded $40,250.
Section 73.092, Florida Statutes (1983) governs the awarding of attorney's fees in condemnation actions and provides:
In assessing attorney's fees in eminent domain proceedings, the court shall consider:
(1) Benefits resulting to the client from the services rendered.
(2) The novelty, difficulty, and importance of the questions involved.
(3) The skill employed by the attorney in conducting the cause.
(4) The amount of money involved.
(5) The responsibility incurred and fulfilled by the attorney.
(6) The attorney's time and labor reasonably required adequately to represent the client.
However, under no circumstances shall the attorney's fees be based solely on a percentage of the award.
In addition to the above considerations, the factors set forth in Disciplinary Rule 2-106(B) of the Code of Professional Responsibility pertaining to fees for legal services are also to be considered. State v. Gables-By-The-Sea, Inc., 374 So.2d 582 (Fla. 3d DCA 1979).[1]
In applying the statutory criteria in testing the size of the award, we find the following:
1. As a result of their attorney's efforts, the Millers realized approximately $289,000 more than what had been offered by FP & L (almost three times the initial offer), so their benefit was substantial;
2. Both of Miller's experts testified that he employed a high level of skill. The *1252 trial court also indicated it was impressed with Miller's work;
3. In view of the amounts involved, the attorney was saddled with substantial responsibility;
4. One hundred fifty-one hours were devoted to the case which Miller's experts deemed reasonable;
5. The trial court thought issues raised by Miller were unique; principally, the lack of a good faith appraisal by FP & L and utilization of improper surveys.
Both attorney Miller's experts and FP & L's experts testified that a reasonable hourly rate for an attorney of Miller's experience and skill would be $150 per hour which multiplied by one hundred fifty-one hours would be $22,650. The question for the trial court was whether the benefits derived from the attorney's services and the other criteria justified a higher award.
For several reasons, the fee awarded appears excessive, but the test is not how it appears to us, but whether the trial court abused its discretion in making the award that it did. Division of Administration, State Dep't. of Transportation v. Denmark, 354 So.2d 100 (Fla. 4th DCA 1978). See generally Estate of Griffis, 399 So.2d 1048 (Fla. 4th DCA 1981). We have serious doubt as to whether the issues in this case were unique. The first inquiry of any competent attorney would seem to be to determine the extent of the property sought to be taken and the value thereof. This would naturally bring into question the accuracy of the petitioner's survey and appraisal. The amount of time devoted to the case seems somewhat greater than we would expect from an attorney of exceptional skill in the condemnation field, especially since the matter was settled before trial.
Nevertheless, we cannot say that the trial court abused its discretion. We conclude only that while the award approaches the bounds of judicial propriety, it does not exceed them. Indeed, greater amounts have been awarded and approved. See, e.g., Division of Administration v. Denmark, 354 So.2d at 100 (upholding fee which worked out to $340.00 per hour). We do, however, recommend for reading by the trial judge and the attorneys the following comments of Judge Letts in the above cited case:
Rightly or wrongly, the public gorge is rising over the size of attorneys fees and the profession faces more and more politically attractive legislative curtailment of fees, unless restraint is exercised. Appellant's counsel, in one of her characteristically well written briefs, cites an ancient proverb equating lawsuits to `fruit trees planted in a lawyer's garden.' Lawyers had better have a care, or the lawmakers will expressly limit the amount of fruit which can be harvested from those trees.
354 So.2d at 103.
As to the appraiser's fees we reach a different result. Reasonable appraiser fees are clearly allowable as costs under section 73.091, Florida Statutes (1983).
In Cheshire v. State Road Department, 186 So.2d 790 (Fla. 4th DCA), cert. denied, 192 So.2d 493 (Fla. 1966) the court stated that:
[S]uch costs, however, as are expended are subject to the close scrutiny of the court for the purpose of determining that such costs are reasonable and were necessarily incurred in the defense of the proceeding, and should be allowed only in an amount the court determines necessary and proper.
In this instance the appraiser claimed to have devoted four hundred twenty-three hours to make the appraisal and the court awarded $25,740. The appraiser was a real estate broker. He had taken some correspondence courses involving real estate appraisal and had attended at least one course in person, but had no formal training as an appraiser. He had testified once in federal court and once in state court as an expert. The four hundred twenty-three hours claimed were amassed during a four-month period during which he also operated his insurance business and oversaw the operation of his potato farm. He did not *1253 prepare a written appraisal or give any testimony. He did not make an appraisal report or submit any formal written material with respect to the work. His work product, consisting entirely of notes, simply does not support the amount of time claimed to have been devoted to the project. There is absolutely nothing in the record to indicate the appraisal was of such unusual complexity or magnitude to justify the award of this fee as a cost.
The judgment as to the attorney's fees is affirmed; the award of appraisal costs is reversed.
AFFIRMED in part, and REVERSED in part.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] Many of these factors are encompassed within the statute and include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.