PER CURIAM.
The husband Manuel Fernandez appeals a final judgment of marriage dissolution and attacks the propriety of the trial court’s award of lump sum alimony to the wife Maria Fernandez of (1) the husband’s one-half interest in certain commercial property currently being operated as a garage, minus $7,500 which wife must pay the husband, and (2) the husband’s one-half interest in the marital home. We affirm based on the following briefly stated legal analysis.
First, we have no trouble sustaining the lump sum alimony award as to the commercial property. This award was fully justified as it substantially compensated the wife for $53,000 in medical expenses incurred by her as a result of a severe gunshot wound to the mouth which was negligently inflicted on her by the husband. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980); White v. White, 429 So.2d 730, 732 (Fla. 1st DCA), pet. for review denied, 438 So.2d 834 (Fla.1983); Vanderslice v. Vanderslice, 396 So.2d 1185 (Fla. 4th DCA 1981).
Second, we have had some trouble with respect to the lump sum alimony award as to the marital home, but conclude that no abuse of discretion has been shown. The award, we think, was justified based primarily on the trial court’s finding that the wife has a permanent disability due to the aforesaid gunshot wound which has caused disfigurement to the wife and a permanent loss in her wage earning capacity. Moreover, this was a long-term (30-year) marriage which further supports the award. Odom v. Odom, 452 So.2d 674, 675 (Fla. 2d DCA 1984); Klein v. Klein, 413 So.2d 1297, 1299 (Fla. 4th DCA 1982); see also Seum v. Seum, 384 So.2d 223 (Fla. 3d DCA 1980).
Third, we have not overlooked the husband’s contention that he was deprived of his interest in the substantial assets of the marriage, but find no abuse of discretion in this result. This is so because (a) the husband was admittedly at fault in inflicting the disabling gunshot wound on the wife which has had a devastating impact upon her, (b) the husband, although older and perhaps less able than the wife, is capable of obtaining employment and is trained as a mechanic, (c) the husband received $7,500 in cash and a small parcel of land in Port St. Lucie, and (d) the wife’s income picture — although presently good due to the constant help of her children — is far from assured due to her permanent disability and her continual need for help from others. See Dewberry v. Dewberry, 455 So.2d 420 (Fla. 2d DCA 1984) (test is not how large or small an award is but whether it is equitable); Black v. Black, 490 So.2d 1334 (Fla. 4th DCA .1986); § 61.08, Fla.Stat. (1985).
The final judgment of marriage dissolution is, therefore, in all respects
Affirmed.