595 So.2d 1098 (1992)
Lance L. HAHN, Appellant/Cross-Appellee,
v.
Lynne HAHN, Appellee/Cross-Appellant.
Nos. 90-0221, and 90-0365.
District Court of Appeal of Florida, Fourth District.
March 25, 1992.
Motion for Clarification Denied; Request to Withdraw Opinion Denied April 27, 1992.
*1099 John C. Susko of The Center for Family Law, P.A., Pensacola, for appellant/cross-appellee.
James P. O'Flarity of James P. O'Flarity, P.A., West Palm Beach, for appellee/cross-appellant.
STONE, Judge.
We affirm the final judgment of dissolution but reverse and remand for further proceedings on cross-appellant's claim for damages arising out of the intentional tort of battery.
We affirm as to all issues raised by appellant, as there is sufficient evidence in the record to support the court's exercise of discretion in awarding alimony and lump sum alimony and in allocating the marital assets. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Thompson v. Thompson, 546 So.2d 99 (Fla. 4th DCA 1989), remanded on other grounds, 576 So.2d 267 (Fla. 1991); Vanderslice v. Vanderslice, 396 So.2d 1185 (Fla. 4th DCA 1981); Fernandez v. Fernandez, 511 So.2d 656 (Fla. 3d DCA 1987), rev. denied, 519 So.2d 986 (Fla. 1988). The record also clearly reflects that the husband's future pension was, properly, not considered as a source of present income, as he was far from retirement age, but was considered in the division of marital assets. Carroll v. Carroll, 528 So.2d 931 (Fla. 3d DCA), rev. denied, 538 So.2d 1255 (Fla. 1988).
On the cross-appeal, the cross-appellee/husband concedes that the court erred in dismissing count III for failure to state a cause of action, since the count did state a cause of action claiming damages from the intentional tort of battery. However, on the cross-appeal as to count IV, we find no error in dismissing the wife's damages claims on any other theories of liability. The policy of interspousal immunity remains a bar to an action between spouses absent recognized exceptions. See generally, Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988), declined to extend, Government Employees Ins. Co. v. Fitzgibbon, 568 So.2d 113 (Fla. 5th DCA 1990); Snowten v. United States Fidelity and Guar. Co., 475 So.2d 1211 (Fla. 1985). Here, the battery action is the only applicable exception sanctioned by the legislature. § 741.235, Fla. Stat. (1985).
DELL and WARNER, JJ., concur.